GEORGE TAYLOR, JUDGE OF PROBATE *vs.* ELI MYGATT.

An administrator is liable only individually for debts contracted by him in the settlement of an estate.

It is no part of the object of an administration bond to secure the payment of such debts.

Probate fees stand on the same ground in this respect with any other debts contracted by an administrator.

Under the statute (Rev. Stat., tit. 1, § 101,) which provides that where a suit is brought on a probate bond at the instance of a party interested, the declaration must set forth the particular interest of such party, and how

he is injured by the breach of the bond, there can be no recovery of nominal damages·for any breach by which the party for whose benefit the suit is brought is not injured.

THIS was an action of debt on a probate bond executed by the defendant as surety, with one John C. Smith, for the faithful discharge by the said Smith of the duties of administrator of the estate of Perry Smith. The plaintiff was the judge of probate of the district of New Milford, and successor of the judge to whom the bond was originally made. The suit was brought for the benefit of Frederick Chittenden, Esq., who claimed that the estate was indebted to him for probate fees, accruing in his favor when he was formerly judge of said probate court, and for fees as an attorney in suits which had been brought against and defended by the said John C. Smith, as administrator. The declaration alleged as breaches of the bond, the neglect of the administrator to return an inventory to the probate court, and the neglect to settle his administration account, as well as the non-payment of the claim in question. After the claim had accrued and before the suit was brought, the said John C. Smith had been removed from the administratorship, and J. S. Turrill, Esq. appointed in his place.

The case was referred to auditors, on the trial before whom the defendant objected to the evidence offered by the plaintiff, of the account of the said Chittenden, both with regard to the probate fees, and the charges for professional services, on the grounds that the said John C. Smith was responsible therefor only in his individual capacity, that no judgment had been recovered against the administrator on the claim, and that debts contracted by an administrator were not secured by the administration bond, and the surety on such bond therefore not liable therefor. The auditors, for the purposes of the case, overruled the objection and received the evidence.

The defendant then offered evidence to prove, and the auditors found, that said Turrill after his appointment obtained an order from the court of probate for the settlement of his administration account, and an order of notice to all

parties interested; that the order of notice was complied with, and that the said Chittenden was specially notified to be present, if he saw fit, and be heard regarding the allowance of his claim in the administration account as a claim against the estate; that he did not appear, but that the said Turrill presented his account to the court containing a charge of $267.04 as a claim in favor of said Chittenden against the estate, at the same time informing the court that his claim was for a larger amount, and leaving the court to allow a larger amount if it saw fit; and that the administration account was adjusted and allowed by the court, including said charge of $267.04 and no more. The defendant thereupon claimed that the auditors ought not, if they found anything to be due from the estate to said Chittenden, to find a larger amount than said sum of $267.04.

The auditors found, subject to the opinion of the court as to the admissibility of the evidence, that there was due from said estate to said Chittenden, for probate fees, the sum of $4.77, and for services which were contracted for by said John C. Smith as administrator, and which were a proper charge on the part of the administrator against said estate, the sum of $312.23, and that the estate was not otherwise indebted to the said Chittenden. The auditors also found the other breaches of the bond alleged in the declaration.

Upon the facts thus found the case was reserved by the superior court for the advice of this court.

*Chittenden* and *Graves*, for the plaintiff.

1. There having been a breach of the bond in the failure to return an inventory and settle the administration account, there must, in any event, be a judgment for the plaintiff, and a recovery of nominal damages and the costs of suit.

2. There ought clearly to be a recovery of the amount due as probate fees. These do not stand on the same ground with other debts incurred by an administrator. It does not rest with the discretion of the administrator whether to incur this debt or not. The law makes it his duty to incur it. The judge of probate is bound by law to render the service for

which they are the compensation. It is the estate; in every proper sense, that incurs this debt.

3. Mr. Chittenden's professional fees are also properly recoverable. The services were not rendered to Mr. Smith personally, but wholly to the estate, and to him as administrator. This his successor admits in treating it as a debt to be allowed in the administration account and in recognizing his own obligation to make provision for it. Mr. Smith had no personal interest whatever in the matter.

4. Mr. Chittenden is not concluded by the settlement of the administration account of Mr. Turrill, and the allowance therein of $267.04 as the amount due to him. Parties who are cited to appear before the court of probate at the settlement of an administration account are so cited as interested in the estate, not in claims against it; to see that the estate is not squandered by the administrator or consumed by improper charges, not to see that their own dues are properly allowed. Thus creditors are interested in seeing that the administrator does not exhaust the estate by improvident expenses; but can it be that if, in getting the debts reported by commissioners allowed in his administration account, he should make the amount too small, all the creditors are to have their claims reduced? or if he should omit some one debt from the list, that the creditor loses his claim? If Mr. Chittenden is concluded by this judgment of the court of probate, it must be on the ground that he was a party to it. If he was a party he could have taken an appeal. But can it be that a creditor whose claim has once been allowed by commissioners, or a legatee, whose right is usually regarded as a fixed one if there are assets, must take an appeal or lose their claims whenever the administrator by accident or design omits to bring the amount due them into his administration account? Whatever distinction there may be between claimants on the estate as creditors or legatees, and claimants on the ground of services rendered the administrator, yet in this matter of the effect upon them of the judgment of the probate court in allowing the administration account, they all stand alike.

5. It was not necessary that judgment should first have been recovered against the administrator. The cases which seem to favor this claim of the defendant apply only to claims against the intestate in his life time, and which must therefore be established by a judgment as the only proper evidence of their being due. Here it needs no proof that the administrator ought to pay the claim, as the debt was incurred through him.

*Turrill,* for the defendant.

1. The professional services rendered by Mr. Chittenden to John C. Smith, were rendered to him personally, and the latter alone is liable therefor, and liable only in his individual capacity. The estate, as distinguished from the administrator, is properly liable only for such debts as existed against the intestate. 1 Sw. Dig., 448. *Peck* v. *Botsford,* 7 Conn., 172. *Alsop* v. *Mather,* 8 id., 584. *Pease* v. *Phelps,* 10 id., 62. *Isaacs* v. *Stephens,* 13 id., 499. *Taylor* v. *Reefer,* 4 Ala., 121.

2. The probate fees, though in some respects different from other debts incurred by the administrator in the settlement of the estate, yet after all are essentially the same in their relation to the estate, and the administrator on the same principle is liable only in his individual capacity therefor, and whether he has assets or not.

3. The bond is given only to secure the faithful administration of the assets, not the payment of debts incurred by the administrator. It is given for the security of heirs, legatees, and creditors, and of them only; and the bond is put in suit by the judge of probate under our statute only for their benefit, the judge of probate suing as their trustee. 1 Sw. Dig., 451. *Miner* v. *Mead,* 3 Conn., 289. *Griffin* v. *Platt,* id. 513. *Warren* v. *Powers,* 5 id., 373. *Willey* v. *Paulk,* 6 id., 74. *Booth* v. *Patrick,* 8 id., 106. *Edwards* v. *White,* 12 id., 28. *Mills* v. *Skinner,* 13 id., 436. *Isaacs* v. *Stephens,* id., 499. *Roland* v. *Isaacs,* 15 id., 123. *Clark* v. *Mix,* id., 152. *Foster* v. *Thomas,* 21 id., 285.

4. There should first have been a judgment recovered

against the administrator, if the claim be of that class that is secured by the probate bond. *Willey* v. *Paulk*, supra. *Cony* v. *Williams*, 9 Mass., 114. *People* v. *Dunlap*, 13 Johns., 437. *People* v. *Barnes*, 12 Wend., 492. *Braxton* v. *Winslow*, 1 Wash. C. C., 31. *Ordinary* v. *Hunt*, 1 McMul., 249. *Allen* v. *Brinton*, id., 380. *Watkins* v. *Bassett*, 3 Ala., 707. *Clark* v. *Mix*, supra. Especially ought not the surety to be held liable on the bond, where as here he is sued alone, and the administrator, the principal on the bond, is not brought into court at all, and has no opportunity to defend against the claim.

5. If the defendant is liable on the bond for the non-payment of the claim in question, there should be a recovery for only the amount allowed by the probate court in the administration account as afterward settled. The court acted on this specific matter. The action of the court in settling the account was a judgment. Mr. Chittenden was notified to be present. The judgment has never been appealed from. Besides, if we regard the judge of probate as the plaintiff, he ought to be estopped by his own judgment. *Brown* v. *Wheeler*, 17 Conn., 345. *Edmunds* v. *Canfield*, 8 id., 87. *Atwater* v. *Barnes*, 21 id., 237.

6. If, as we claim, the estate is not liable for the debt due Mr. Chittenden, then there should be no recovery of nominal damages for the other breaches of the bond. These breaches do not injure Mr. Chittenden, for whose benefit alone the bond is put in suit. Under our present statute (Rev. Stat., Tit. 1, § 101,) the person for whose benefit the suit is brought, has the control of the suit, and is liable for costs. He is therefore the real plaintiff. And the statute, moreover, requires that in his declaration he should state specifically in what manner he is injured by the breach of the bond. He therefore should recover nothing, where he sustains no injury. *Edwards* v. *White*, 12 Conn., 37.

ELLSWORTH, J. This is an action against the surety of a probate bond, to recover the sum of $4.77 probate fees due to Frederick Chittenden, Esq., a former judge of probate of this district, and $312.23 due him in his individual capacity

for professional services rendered to John C. Smith as the administrator of his father, Perry Smith, Esq. The question is, is the surety on a bond given for the settlement of Mr. Smith's estate liable for the debts created by the administrator, whether for probate fees or other services, in the business of settling the estate. We think he is not.

In our view, the bond was not given for any such purpose, and can not be applied to cover any such duty. Such a course of procedure would not only introduce a novelty into practice, but would lead to great embarrassment and confusion in the regular administration of estates. Nor is there the least occasion for it, for the administrator or executor, like the assignee of an insolvent estate, is the person who, individually, transacts the business on his own credit. He employs agents, attorneys, and laborers, and becomes himself the original and only debtor for all services so procured, though in behalf of the estate. Indeed he could not make the estate a debtor to such creditors if he would, for he can make no new debt at all. He must employ such aid as he needs, according to his best judgment, and indemnify himself out of the estate when he makes his settlement with the judge of probate; and in this way these agents, laborers, and attorneys, will get their full pay from their debtor, the one who employed them, and the estate will then be regularly settled in due course, which will not be the case if the claim of the plaintiff is correct.

Suppose an administrator, in his administration account, is allowed for the charges and debts incurred by himself, in the employment of agents, laborers, or others, in taking care of the estate, and in collecting and preserving it for those who are entitled to it as creditors, heirs, or devisees, and yet should fail to pay these debts, can the estate be called on to pay a second time, in the hands of a subsequent administrator *de bonis non?* It certainly can if the estate is the debtor to these strangers, either jointly or severally with the administrator. The only course which can be taken, is for the administrator to make his proper charges and present them to the court. When they are allowed, he will retain to that

Taylor *v.* Mygatt.

amount the funds of the estate, and thus the estate can be finally and completely settled, and the surety on the probate bond learn when his liability has terminated.

We make no distinction between the debt due to Mr. Chittenden for fees as a judge of probate, and that due him as an attorney or counselor. No credit was given to the estate in either case.

But it is said that there has been a breach of the bond at all events, inasmuch as the administrator made and returned to the court no inventory of property, while it is admitted that the intestate left property which came to his knowledge, and has not settled his administration account; and that therefore nominal damages must be allowed.

This would be so if the law remained as it was previous to the statute of 1848. By that statute, the person interested in the bond must appear on the record, and is made the real plaintiff in the case. He is liable for costs, and he must aver and prove how and to what extent he is interested, and how he is injured by the breach, and if he does not do this, there ought to be no recovery in the case. This is the construction which we give the statute, and we are the more willing to give it in order to avoid the recovery of a bill of costs, which has too often been secured when the plaintiff had only a technical cause of action, and none on the merits.

The other questions made on the trial we do not think it necessary to consider. We advise judgment for the defendant.

In this opinion the other judges concurred.

Judgment for defendant advised.