[No. 6,695.—Department One.]

# IN THE MATTER OF THE ESTATE OF CHARLOTTE M. PAGE, Deceased.

ESTATES OF DECEASED PERSONS—ATTORNEY'S FEES—ACCOUNTS OF ADMINISTRATORS.—An administrator has no power to make a contract with an attorney to give him an interest in the property of the estate, as compensation for his services in recovering it.

ID.—ID.—EXECUTORS AND ADMINISTRATORS.—Executors and administrators are, in ordinary cases, personally liable upon contracts made by them in their representative capacity, and supported by some new consideration.

EXCEPTION.—A mere statement in a bill of exceptions, that a party excepted to a decision of the Court, unaccompanied by the objection and the grounds, whether of law or fact, upon which it is made, does not constitute an exception available on appeal.

APPEAL from an order in the Probate Court of Alameda County. REDMAN, J.

Upon the hearing of the settlement of the account, Charlotte G. Page, a minor interested in said estate, appeared by her guardian, E. S. Wetmore, and objected to the account, and appealed from the order settling the same.

*Waldo M. York*, for Appellant.

The administratrix could not dispose of the property of the estate except in the manner provided in the statute.

*James L. Crittenden*, for Respondent.

The only thing purporting to be an exception is the following language, to wit: "The Court, after a hearing thereon, allowed said account as rendered. Thereupon said Wetmore, as such guardian, by his attorney, *duly excepted to the decision of the Court.*"

This is clearly insufficient, for it does not point out upon what ground or grounds of objection the exception is taken, or wherein the evidence is insufficient to justify the decision, or that it is against law. The Probate Court had the power to allow a compensation for services in property, provided said compensation was reasonable. Its power is derived from the Constitution, which gives jurisdiction over the whole subject-matter. And any erroneous or abusive exercise of the power

should be shown by a proper bill of exceptions.    The record in this case shows that the compensation was reasonable.

McKEE, J. :

Appeal from a judgment of the late Probate Court of Alameda County, settling the second annual account of the estate of Charlotte M. Page, deceased.

The transcript on appeal contains what purports to be a bill of exceptions, in which it is stated, in substance, that the guardian of a minor child of the decedent had, by his attorney, filed written objections to the account of the administratrix, and that after a hearing had, the Court allowed the account, to which the guardian excepted, and "now proposes this, his bill of exceptions." What purports to have been the testimony of the administratrix and of her attorney given at the hearing is then stated, and this is followed by the statement that "no evidence was offered on behalf of the contestant," and that "upon such evidence the Court erred in allowing the account as rendered," and also in allowing certain enumerated items thereof.

In all this, no exception appears to have been taken to any ruling made by the Court during the hearing of the cause, or to any decision of the Court in the allowance of any objectionable item of the account.    An exception is an objection upon a matter of law to a decision made by a Court.    (§ 646, Code Civ. Proc.) To make it effectual in a bill of exceptions, the objection should be stated, and also the ground upon which it was made.    If it was made upon the ground that the evidence was insufficient to sustain the decision, the deficiencies of the evidence should be specifically stated.    (§ 648, Code Civ. Proc.)    If it was made upon grounds of error of law, the proper mode in an action tried by the Court without a jury is to ask the Court to decide what counsel may consider an applicable principle of law, and upon a refusal, to have it noted in the bill of exceptions.    (*Griswold* v. *Sharp*, 2 Cal. 23 ; *Touchard* v. *Crow*, 20 id. 163.)    But the mere statement in a bill of exceptions, that a party excepted to a decision of the Court, unaccompanied by the objection and the grounds—whether of law or of fact—upon which it was made, does not constitute an exception upon which any question involved is examinable by this Court; and under such circumstances, we

can only deal with such questions as may arise upon the judgment roll.

In a proceeding for settlement of an account of an administrator, the petition and account, and the written objections filed to it, are the pleadings which the clerk of the Court is required to attach to a copy of the judgment (§ 670, Code Civ. Proc.); and these constitute the judgment roll. (*Estate of Isaacs*, 30 Cal. 106.) Among the items of the account in the judgment roll of this case are the following:

" Amount paid James L. Crittenden on account of *contingent fee* due him for professional services as attorney and counsel in suits on behalf of said administratrix, as per agreement made to him prior to commencement of same, to wit: one-third money received and collected by him as rents of real property of said estate, * * * $1,148.40. (Voucher 17.)

" Fee of James L. Crittenden, Esq., for professional services as attorney and counsel for administratrix in suits on behalf of said estate, one-third of real property on San Pablo avenue, Oakland, described in first annual account of administratrix, and of the improvements thereon, and of the furniture and other personal property on said real property and in house therein. (Voucher 19.) "

The one is founded upon an agreement with the administratrix for a contingent fee, the other upon a contract between the administratrix and her attorney for the transfer and conveyance of an undivided one-third interest in the real and personal property described in it. This property belonged to the estate, or it did not. If it did not, it was not the subject of account by the administratrix, and the contract concerning it did not constitute a charge against the estate, and should not have been allowed by the Court. If it did belong to the estate, it was the property of the estate at the time of the death of the decedent, or it was recovered subsequent to her death, by the administratrix, in suits instituted by her in her representative capacity. In either case, it was part of the assets of the estate for which she was accountable.

Assuming that she had recovered the property for the estate by the efforts of her attorney, she had no power to dispose of it, or to make any arrangements in relation to it, which would

have the effect of transferring it to any one, for any purpose whatever, so as to bind the estate. The powers of an administrator over the assets of the estate are prescribed by law, and cannot be exercised except according to the provisions of law, and under the orders of the Court which has jurisdiction of the estate. Real or personal property of an estate cannot be sold or transferred except by orders of the Probate Court, obtained according to the provisions of chapter vii of the Code of Civil Procedure. Authority for the sale or transfer of any such property must be found in the records of the Court. In the absence of such authority, any contract made for that purpose by the administrator is *ultra vires* and void.

There is no question of the power of an administrator to sue for the recovery of any property, real or personal, or for the possession thereof (§§ 1582, 1589, Code Civ. Proc.) ; and as incidental thereto, he is authorized to retain and employ attorneys. But the property, when recovered, must be inventoried as assets of the estate, and sold for the payment of debts, in the same manner as if the decedent had died seized thereof. (§§ 1589, 1591, Code Civ. Proc.) And the fees of attorneys must be fixed by the Court, and allowed to the administrator as part of the expenses of administration. As part of the expenses incurred by the administrator in the management of the estate, the compensation of attorneys for services rendered in behalf of the estate is within the exclusive jurisdiction of the Probate Court. (*Gurnee* v. *Maloney*, 38 Cal. 85.) Therefore an administrator has no power to make a contract with an attorney, binding upon the estate, for the transfer or conveyance of an interest in any of the assets of the estate, or for the payment of a contingent fee out of the assets of the estate. The fee must be fixed and allowed by the Court. To give to administrators authority to pay an attorney in property of the estate for services rendered an estate, would be virtually to surrender to them the unrestricted management and disposal of the entire property of the estates they represent. (*Teal* v. *Terrill*, 48 Tex. 509.) Whence it follows that the contracts set forth in the account of the administratrix were not binding upon the estate, did not constitute a charge, or a cause of action against it, and were improperly approved and allowed by the Probate Court. Upon

them the administrator *might be* personally liable.   That an executor or an administrator is, in ordinary cases, personally liable upon contracts made by him in his representative capacity, after the death of the person whom he represents, and supported by some new consideration, is well established.   (*Dwinelle* v. *Henriquez*, 1 Cal. 392 ; *Gurnee* v. *Maloney*, 38 id. 85 ; Story on Contracts, §§ 282, 283, 287 ; Addison on Contracts, 382.)

Judgment reversed, and cause remanded to the Superior Court of Alameda County.

McKINSTRY, J., and ROSS, J., concurred.