Williams, J.
The single question for adjudication in this case is, whether an undertaking was necessary to perfect the appeal taken by the defendant from the judgment of the justice of the peace? , The jnstices’ code requires, in all cases of appeal,, that the appellant shall enter into an undertaking with sureties to be approved by the justice, conditioned for the prompt prosecution of the appeal, and the satis *203 faction of the judgment rendered by the appellate court. Revised Statutes, section 6584.
Section 5228 provides that, “ a' party in any trust capacity, who has given -bond in this state with sureties according to law, shall not be required to give bond and security to perfect an appeal.” This section, however, in view of all its provisions, seems applicable only to appeals from the court of common, pleas to the circuí t court. But, section 6408, contains the general provision, that “when the person appealing from any judgment or order in any court, or before any tribunal, is a party in a fiduciary capacity, in which he has given bond within the state, for the faithful discharge of his duties, and appeals in the interest of the trust, he shall not be required to give bond, but shall be allowed the appeal, by giving written notice to the court of his intention to appeal within the time limited for giving bond.” The provision just quoted is applicable to appeals from justices of the peace, and dispenses with the necessity of an undertaking for an appeal from their judgments, in eases within its scope, namely, where the appellant is a party to the judgment in a fiduciary capacity, and the appeal is in the interest of the trust; so that, the inquiry here is, whether the defendant’s appeal presents a case of that kind. We think it does not. The judgment is not against the defendant in her fiduciary character. Though described in the proceedings as the administratrix of her intestate’s estate, ’the judgment rendered is not a judgment de bonis intestatoris, her designation in the proceedings, as administratrix, being descriptive of her person, merely, and execution issued upon the judgment can run only against her property. Beside, the obligation upon *204 which the judgment was rendered was the personal obligation of the defendant, and created no liability against the estate. The general rule is, that when the cause of action upon which a personal representative is sued, arises in the lifetime of his decedent, or afterward, upon an obligation of the deceased, the liability is that of the estate, and the representative is bound only so far as assets come to his hands applicable to its satisfaction; but upon contracts made by the personal representative, though for services and expenses necessary in the due execution of his trust, he is individually liable, for he is without authority to bind the estate by his promise. In the case of Austin v. Munro, 47 N. Y., 360, 366, it is said: “The rule must be regarded as well settled, that the contracts of executors, although made m the interest and for the benefit of the estate they represent, if made upon a new and independent consideration, as for services rendered, goods or property sold and delivered, or other consideration moving between the promisee and the executors as promisors, are the personal contracts of the executors, and do not bind the estate, notwithstanding the services rendered, or goods or property furnished, or other consideration moving from the promisee, are such that the executors could properly have paid for the same from the assets, and been allowed for the expenditure in the settlement of their accounts. The principle is, that an executor may disburse and use the funds of the estate for purposes authorized by law, but may not bind the estate by an executory contract, and thus create a liability not founded upon a contract or obligation of the testator. ’ ’ This doctrine is well established. Woerner on ■ Admin *205 istration, section 356; Williams on Executors, p. 1776; Waldsmith v. Waldsmith, 2 Ohio, 156; Howard's Adm'r v. Powers, 6 Ohio, 92; Taylor v. Mygatt, 26 Conn., 184; Luscomb v. Ballard, Executor, 5 Gray, 403; Wait v. Holt, 58 N. H., 467; Page's Estate, 57 Cal., 238; In re Moore, 72 Cal., 335, 342. In a class of cases, where the personal representative has received money or property belonging to another person, and used it in the payment of the decedent’s debts, or otherwise for the benefit of the estate, as, where he collected rents which belonged to the widow or heirs, and administered them as assets, and other cases of like character, it has been held that the person entitled to the money or property, may, at his election, look to the estate, and charge the representative in his trust capacity, or resort to his individual liability. Conger v. Atwood, 28 Ohio St., 134, is a case of that kind, and other cases of the same kind are cited in the opinion of the court in that case.
These eases recognize the general rule as we have stated it, and may be regarded as creating an exception to it, involving another principle, analogous to the right of the owner to follow the fund into which his money or property has been converted. But a claim for professional services rendered under employment by the personal representative, does not appear to be within the exception. While it is undoubtedly the rig-ht, and in most cases the duty of such representatives to employ counsel to advise and assist them in the performance of their official duties, it cannot be determined that the services rendered by the counsel, or their value, constitute a part of the fund in the hands of the representative, however important and valuable those services may have *206 been in collecting the assets, or resisting unjust claims against them. The law contemplates that the representative will himself pay the value of such services, and be reimbursed, by receiving credit for the amount paid, in the settlement of his accounts. Such items constitute a part of the expenses of administration, which, together with the funeral expenses, take precedence, under our statute, of all other demands. Revised Statutes, section 6090. In that way the estate may be interested in the amount allowed and paid for counsel fees, but it is not interested in a judgment for them recovered against the representative, for, although the judgment is conclusive against the defendant, it has not that effect against the estate, or those beneficially interested in it. Any one interested in the estate may appear in the court having in charge the settlement of the administration account, and oppose the allowance of any credit claimed for counsel fees paid, on the ground that the services were unnecessary, or became necessary from the wrongful act or neglect of the representative, or, that the amount paid was unreasonable. The rule is, that the administrator can be allowed credit only for counsel fees which he has actually paid, and no more than is reasonable compensation for the services rendered to the estate, no matter what the administrator has actually paid or contracted to pay; and the burden is on him to prove the necessity and value of the services.’-’ Woerner on Administration, section 515. And see Wait v. Holt, 58 N. H., 467. So' that, a judgment against the representative, for such services, establishes nothing against the estate he represents or the persons interested in itand an appeal by him from the judgment is not *207 an appeal in the interest of the trust, but in his individual interest. In some instances it may seem unjust to hold the personal representative liable beyond the amount for which he.receives credit in the settlement of his accounts, and we see no reason why he may not, by agreement .with his counsel, limit his liability to such sum; but in the absence of a stipulation of that kind, he may be compelled to pay the judgment recovered against him, notwithstanding it exceeds the credit he receives. It follows that the judgment recovered against the defendant must be treated as a judgment against her in her individual, and not in her representative capacity, and, therefore, an undertaking was necessary to perfect her appeal, and for want of'it, the appeal was properly dismissed.

Judgment affirmed.