[S. F. No. 403.    Department Two.—December 7, 1896.]

E. L. SNELL, Appellant, *v.* ELIZABETH PAYNE, Respondent.

Appeal—Bill of Exceptions—Specifications.—A bill of exceptions used on appeal from the judgment need not contain any specifications of error, except as to the ground that a finding or decision is not supported by the evidence.

Id.—Review upon Appeal—Findings—Nonsuit.—Where a case was decided upon a motion for nonsuit, findings of the court filed at the time that the motion for nonsuit was granted cannot be considered upon appeal.

Mechanics' Liens—Claims of Materialman—Overstatement of Amount Due—Clerical Error—Validity of Lien.—Where an overstatement

of the amount due on a claim of lien for materials furnished for the erection of buildings is upon its face a mere clerical error, it will not invalidate the lien, and at most can only postpone it to other liens.

ID.—STATEMENT OF TERMS—TIME GIVEN AND CONDITIONS OF CONTRACT. A statement in a materialman's recorded claim of lien, that the materials were to be delivered in such quantities as might be directed during the progress of the construction of the building, and that he was to be paid therefor on demand of payment as to each delivery of any quantity on said property by him, the reasonable market value thereof, sufficiently states the terms, time given, and conditions of the contract.

ID. — CHARGE FOR PACKAGE — OVERCHARGE, WHEN IMMATERIAL.—Where material is usually delivered in packages, it is proper to charge for it as packed, although the small material constituting the package does not literally go into the construction of the building; but where there is a slight overcharge, a recorded claim of lien, good in other respects, cannot be rejected on that ground, unless it be so willfully false as to amount to a fraud.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. C. B. HEBBARD, Judge.

The facts are stated in the opinion of the court.

*J. J. Burt*, for Appellant.

The amount designated for each of the buildings was a clerical mistake, apparent upon the face of the lien itself; and the only penalty that could be inflicted would be to postpone the lien as to the claims of other lienholders. (Code Civ. Proc., sec. 1188; *Booth* v. *Pendola*, 88 Cal. 36; *Davies etc. Lumber Co.* v. *Gottschalk*, 81 Cal. 642; *Hubbard* v. *Brown*, 8 Allen, 590; *Harmon* v. *San Francisco etc. R. R. Co.*, 86 Cal. 617; *Malone* v. *Big Flat etc. Min. Co.*, 76 Cal. 578; *North* v. *La Flesh*, 73 Wis. 520; *Barber* v. *Reynolds*, 44 Cal. 519.) The claim of lien was sufficient as to the terms, time given, and conditions of the contract. (*Blackman* v. *Marsicano*, 61 Cal. 638; *Hills* v. *Ohlig*, 63 Cal. 104; *McIntyre* v. *Trautner*, 63 Cal. 429; *Selden* v. *Meeks*, 17 Cal. 129; *Brennen* v. *Swasey*, 16 Cal. 141; 76 Am. Dec. 507; *Hooper* v. *Flood*, 54 Cal. 218; *Tredinnick* v. *Red Cloud etc. Min. Co.*, 72 Cal. 78; *San Diego etc. Co.* v. *Wooldredge*, 90 Cal. 574; *California Powder Works* v. *Blue Tent etc. Gold Mines* (Cal. Oct. 8, 1889), 22 Pac. Rep. 391; *Lonkey* v. *Wells*,

16 Nev. 271.) The contention that as the packages in which the material was handled could not be used in the construction of the building, not deducting their cost when they were not preserved and sold to the claimant invalidated the lien, cannot be maintained. (*Schroeder* v. *Mueller,* 33 Mo. App. 28; *North* v. *La Flesh, supra; Hubbard* v. *Brown, supra; Harmon* v. *San Francisco etc. R. R. Co. supra; Malone* v. *Big Flat Min. Co., supra; Barber* v. *Reynolds, supra.*)

*E. H. Wakeman,* for Respondent.

The bill of exceptions is insufficient in failing to specify any error committed by the trial court. (Code Civ. Proc., secs. 648, 670, 950; *Estate of Page,* 57 Cal. 238.)

McFARLAND, J.—This action was brought by the plaintiff Snell to foreclose a lien for materials furnished for and used in the construction of certain buildings on the land of defendant Payne. After plaintiff had introduced his evidence the defendant moved for a nonsuit. The nonsuit was granted and judgment entered for defendant; the plaintiff appeals from the judgment upon the judgment-roll and a bill of exceptions.

Respondent contends that the merits of the appeal cannot be considered because the bill of exceptions does not contain any specification of errors; but this contention cannot be maintained, because it has been frequently held by this court that a bill of exceptions, except as to the ground that a finding or decision is not supported by the evidence, need not contain specifications of error. (*Reay* v. *Butler,* 69 Cal. 572; *Shadburne* v. *Daly,* 76 Cal. 355; *Hagman* v. *Williams,* 88 Cal. 146.)

The grounds upon which the motion for a nonsuit was made do not appear, except so far as they may be gathered from findings which the court filed at the time the motion was granted; but these so-called findings cannot be considered where the case was decided upon a motion for nonsuit. It appears, however, from the

bill of exceptions, that the court sustained an objection to the introduction of appellant's lien, and the views of the court upon the case are to a considerable extent developed by that ruling. We see no objection to the said claim of lien which appellant offered. The grounds of the objection to the offered document were as follows: 1. That the lien, in designating the amounts due on each of the three buildings which were erected, stated the amount upon each to be eighty-seven dollars and eighty-eight and one-third cents, instead of sixty-six dollars and eighty-eight and one-third cents, which latter sum was in fact the true amount; 2. That the lien did not state the terms, time given, and conditions of the contract; and 3. That the appellant charged for eighteen barrels, in which the lime which he furnished was packed, at twenty-five cents each. (As to this last-named ground it appears that the lime furnished by appellant was packed in barrels; that most of the barrels were returned to appellant after the lime had been used, and a credit given by appellant of the value of the barrels; but that eighteen of such barrels were not returned and no deduction was made for the value of the barrels, which were rated at twenty-five cents each.) With respect to the first objection, it is sufficient to say that the amount designated for each of the three buildings was upon its face a mere clerical error, and that at most the only penalty for such error would be a postponement of the liens to the claims of other lienholders, and such error would not invalidate the lien. As to the second objection, the only point which seems to be made is that the lien did not designate with sufficient accuracy the time of payment for the lime; but the recorded lien showed that it was to be delivered in such quantities as might be directed during the progress of the construction of the building, and that appellant "was to be paid thereafter therefor, on demand of payment as to each delivery of any quantity on said property by him, the reasonable market value thereof"; and we think that this was a sufficient statement upon this

subject. As to the third ground, we think that where material is usually delivered in certain packages, it is proper to charge for it as packed, although the small material constituting the package does not literally go into the construction of the building; but, at best, the matter under consideration would merely be an overcharge; and it is quite clear that a recorded lien, good in other respects, cannot be rejected because the amount claimed is somewhat larger than can be sustained by the proofs, unless it be so willfully false as to amount to a fraud; and nothing of that kind appears here. (*Barber* v. *Reynolds*, 44 Cal. 519; *Harmon* v. *San Francisco etc. R. R. Co.*, 86 Cal. 617; *Malone* v. *Big Flat Gravel Min. Co.*, 76 Cal. 578.) The court, therefore, erred in sustaining the objections to appellant's offered claim of lien; and, for this reason, the judgment must be reversed. Of course, the action of a trial court in granting a nonsuit would be sustained, no matter whether the proper grounds were stated by the moving party or not, where we could see any valid ground for sustaining such action; but, in the case at bar, we can see no ground upon which the motion for a nonsuit can be sustained.

The judgment is reversed.

TEMPLE, J., and HENSHAW, J., concurred.