[L. A. No. 1386.    Department One.—August 7, 1905.]

## PARKE & LACY COMPANY, Respondent, v. INTER NOS OIL AND DEVELOPMENT COMPANY et al., Appellants.

Mechanics' Liens—Construction of Well—Pleading—Oil Company.—Where the allegations of the complaint for the foreclosure of mechanics' liens upon a well constructed for the defendant oil company for materials furnished to be used in the construction and drilling of said well, and which were actually used in the drilling, construction, and operation thereof, fall within the terms of section 1183 of the Code of Civil Procedure, it cannot be inferred from the name of the defendant that the well constructed was an oil well.

Id.—Uncertainty of Complaint — Absence of Objection.—Though the complaint may be uncertain in its statement of facts, its allegations being consistent with the theory that the materials were furnished to become and did become parts of the completed well, any uncertainty of statement is waived by the absence of objection thereto in the lower court.

Id.—Time of Filing Lien—Completion of Well—Pleading.—Where the complaint alleges that on a specified date "within thirty days after the completion of said well" the liens claimed were filed,

it is sufficient in that respect, and must be held to refer to the actual completion of the well.

ID.—VERIFICATION OF COMPLAINT.—The law does not require a complaint for the foreclosure of mechanics' liens to be verified, and the sufficiency of the verification thereto is immaterial.

ID.—VERIFICATION OF CLAIMS OF LIEN—CONSTRUCTION OF CODE PROVISIONS.—Section 446 of the Code of Civil Procedure, in regard to the verification of pleadings by an agent, has no application to the verification of claims of lien, which are governed only by section 1187 of that code, under which a claim of lien may be verified by any person having knowledge of the facts, and his particular relation to the claimant is immaterial.

ID.—CONSTRUCTION OF VERIFICATION—CLAIM OF ASSIGNOR—AGENCY.—The verification of the claim of lien by an assignor of plaintiff, who describes himself as the "agent and assignor of plaintiff," must be construed as referring to the claimant of the lien, there being then no action and no plaintiff.

ID.—DISMISSAL OF COMPLAINT AS TO OWNER OF LAND—FORECLOSURE UPON INTEREST OF WELL-OWNER—SUPPORT OF JUDGMENT—PLEADING.—Where the complaint alleges that one of the defendants is the owner of the land, and that the other defendant is the owner and holder of an interest in said land and the owner of the well, and the complaint was dismissed as to the owner of the land, it is sufficient to support a judgment of foreclosure upon the interest of the well-owner in the land and well, and any uncertainty of description of that interest cannot be urged for the first time upon appeal.

APPEAL from a judgment of the Superior Court of Kern County. J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

Hugo D. Newhouse, and Fred E. Borton, for Appellants.

Reardan & Whitaker, for Respondent.

ANGELLOTTI, J.—This is an appeal by defendants Inter Nos Oil and Development Company and James A. Wilson from a judgment against them based on their default, they having failed to appear in the action after having been regularly served with process. The action was one to foreclose certain mechanics' liens of plaintiff and its assignors upon a "well" and certain lands alleged to be necessary for "the convenient use, occupation, and operation thereof." It was alleged both in the complaint and in the notices of lien that

the "Occidental Oil Company," a corporation, a defendant herein, was "the owner and reputed owner of the land and premises," and that the defendant Inter Nos Oil and Development Company was "the owner and holder of an interest in said land, and the owner of the well herein mentioned thereon, and of all the machinery, casing, tools, implements, and appliances and structures connected therewith or appertaining thereto." It was alleged that defendant Wilson claimed some right or title therein, but that the same was subject and subordinate to plaintiff's claim of lien.

The alleged liens were for "materials furnished" the Inter Nos Oil and Development Company, to be used "in the construction and drilling" of said well, and which were actually used in the "drilling, construction, and operation" of said well.

The action was dismissed as to the defendant Occidental Oil Company, and judgment was thereupon entered by default against appellants, in accordance with the prayer of the complaint, adjudging the amount found due to be a lien upon such well and its appurtenances and upon the interest and estate of the defendant Inter Nos Oil and Development Company in the land upon which the same was situated, the same being forty acres of land in section 9, township 32 south, range 23 east, Mount Diablo base and meridian.

1. It is contended that the complaint shows that the only materials furnished were machinery for the drilling and construction of an oil well, and that the only provisions of the lien law applicable to the case are therefore those relating to liens on mining claims, and that under those provisions no lien is given for materials.

The assumption that the complaint shows that the well in question was an oil well, or a well constructed in exploring for oil, is not warranted. From the corporate name of the appellant corporation it may be surmised that such was the case, but there is no allegation compelling such a conclusion. The allegations in regard to it refer to it simply as a "well," and it is entirely consistent with everything stated in the complaint that it was constructed simply for the purpose of obtaining water, and is only a well for water.

It is, in terms, provided in section 1183 of the Code of Civil Procedure that any person "performing labor upon *or fur-*

*nishing materials* to be used in *the construction . . . of any
. . . well, . . .* shall have a lien upon the property upon
which they have bestowed labor or *furnished materials,* for
the value of such labor done and *materials furnished."*

The allegations of the complaint bring the case within this
provision, and we are not called upon to decide whether this
provision or the one referring to mining claims would be
applicable to an oil well, it not appearing that this was an oil
well. There is, however, much force in the argument that any
and all wells, for whatever purpose constructed, fall within
the provision already quoted, and that when the word "well"
was inserted therein by amendment in 1899 (Stats. 1899, p.
33) and in section 1185 of the Code of Civil Procedure at the
same time (Stats. 1899, p. 24), it was contemplated thereby
to include oil wells.

The complaint does not show that the materials furnished
consisted of "machinery for the drilling and construction"
of the well. The allegations are consistent with the theory
that the "materials" alleged to be furnished were furnished
to become, and did become, parts of the completed well.

It may be that the complaint is uncertain in regard to both
of the matters here discussed, but it must be remembered that
we are dealing with a complaint to which no objection was
urged in the lower court. In such a case, mere defects in the
manner of stating facts relied on cannot be considered, and
"in aid of the judgment, the complaint must now receive as
favorable an interpretation as its general scope will warrant."
(*Fudickar* v. *East Riverside Irrigation Dist.,* 109 Cal. 29, 34,
[41 Pac. 1024, 1025].)

2. It is suggested that the complaint does not state a cause
of action in that it does not show that the liens were filed for
record within the statutory time. The allegation as to this,
which is the same as to each of the liens, is "that on, to wit,
the 3d day of May, 1902, *within 30 days after the completion
of the said well, . . .* plaintiff filed for record," etc. This
must here be held sufficient. (*Wood* v. *Oakland Transit Co.,*
107 Cal. 500, 502, [40 Pac. 806, 807].) The allegation must
also be held to refer to the actual completion.

3. It is urged that the verification of the complaint and
those of the recorded claims of lien which are attached as
exhibits to the complaint were insufficient. There is no law

requiring the complaint in an action of this character to be verified. The statute requires that the claim of lien "must be verified by the oath of himself or of some other person." (Code Civ. Proc., sec. 1187.) The claim of plaintiff is verified by one who declares in the verification that he is "the agent and manager in Kern County of the claimant," that of assignor R. H. Herron Co., by one who declares that he is the agent and manager of such claimant, and that of assignor National Supply Co. by one who declares that he is the agent and manager of the "plaintiff." The contention appears to be that these declarations do not show that the persons were authorized by law to verify the claims, and that as to the National Supply Co., the statement that the party is the agent of the "plaintiff" refers to the plaintiff in this action, and not to the lien claimant whose claim was verified.

These are the only objections made to the verifications, and they are without merit. Under the only statute applicable (Code Civ. Proc., sec. 1187) the claim of lien may be verified by any person who is possessed of sufficient knowledge upon the subject to make the verification, and the particular relation that he bears to the claimant is immaterial. Section 446 of the Code of Civil Procedure, relied on by appellants, is applicable solely to pleadings in actions or proceedings, and a claim of lien is not such a pleading. Some of the cases cited by appellants upon this question relate to pleadings, and others were decided in accord with express statutory requirements.

The statement in the verification of the claim of the National Supply Company, that the person verifying is the agent of the "plaintiff," manifestly means that he is the agent of such claimant. There was then no action, and, technically, no "plaintiff." The further objection that the notary public failed to sufficiently set forth in his subscription of the verification of the claim of lien of plaintiff the name of the county in which he was authorized to act is without foundation in fact.

4. Upon the oral argument, the appellants, for the first time, made the objection that the action having been dismissed as to the Occidental Oil Company, alleged to be the owner and reputed owner of the land upon which the well was constructed, no lienable interest in the appellant Inter

Nos Oil and Development Company is shown by the complaint. The allegations of the complaint as to the ownership of such appellant have already been noticed—viz., that it was the owner of the well and its appurtenances, and that it was "the owner and holder of an interest" in the land.

As to the well and its appurtenances, the allegations of the complaint are undoubtedly sufficient, and fully support the judgment.

Any interest owned by such appellant in the land was also, under the provisions of section 1185 of the Code of Civil Procedure, subject to the liens, and the liens were adjudged only upon such interest as the appellant had.

As against the objection that the complaint does not sufficiently indicate the nature and extent of the interest of such appellant in the land, made for the first time on appeal, the complaint is certainly sufficient to support the judgment. We do not decide the question as to whether it would have been sufficient in the face of a special demurrer.

The judgment is affirmed.

Shaw, J., and Van Dyke, J., concurred.