[Civ. No. 853. First Appellate District.—March 21, 1911.]

FRANK COGHLAN, Respondent, v. SALVATORE QUARTARARO, LEWIS WEISMAN, and THEODORE WEISMAN, Copartners Doing Business Under the Firm Name of WEISMAN BROS., Defendants; SALVATORE QUARTARARO, Appellant.

SWETT–DAVENPORT LUMBER COMPANY, a Corporation, and LETTICH–FOIN CO., a Corporation, Respondents, v. SALVATORE QUARTARARO, LEWIS WEISMAN, and THEODORE WEISMAN, Doing Business Under the Firm Name of WEISMAN BROS., SWISS–AMERICAN BANK, a Corporation, Defendants; SALVATORE QUARTARARO, Appellant.

APPEAL—BILL OF EXCEPTIONS—INSUFFICIENCY OF EVIDENCE—WANT OF SPECIFICATIONS — REVIEW — FINDINGS CONCLUSIVE. — Upon appeal from a judgment and from an order denying a new trial, where the evidence is embodied in a bill of exceptions, which contains no specifications of the particulars in which the evidence is insufficient to support the findings, the appellate court is precluded from reviewing the sufficiency of the evidence, upon either appeal, and must accept the findings of fact made by the trial court as correct.

MECHANICS' LIENS—CONSOLIDATED ACTION—FORECLOSURE—JURY TRIAL NOT ALLOWED TO OWNER NOT PERSONALLY SUED.—In a consolidated action to foreclose the liens of a subcontractor for plastering, of a lumber company for lumber furnished, and of a plumbing company for plumbing, in a building constructed for the owner of property, the owner against whom no personal judgment was sought is not entitled to demand a jury trial therein.

ID.—NATURE OF ACTION—SUIT IN EQUITY—JURY TRIAL NOT ALLOWED UPON ANY ISSUE.—An action to foreclose a mechanic's, subcontractor's or materialman's lien is a suit in equity in which no right

of trial by jury is allowed; and the owner, sued therein simply as such, to enforce the liens upon his property, is not entitled to a jury trial, either upon the whole case or upon any special issue therein.

ID.—LEGAL ISSUE IN EQUITABLE ACTION.—The fact that legal issues may be involved in an equitable action does not entitle the defendant to demand a jury trial thereof.

ID.—VOID CONTRACTS—SPECIFICATIONS UNSIGNED—ABSENCE OF FILING. Where there were two contracts, one to erect a two-story building, and the other to add a third story thereto, each of which was for more than $1,000, and each provided that the work should be done according to certain plans and specifications, as to the first of which contract no specifications were signed, and as to the second of which no specifications were filed, both contracts were void.

ID.—EFFECT OF VOID CONTRACTS—FULL RIGHTS OF LIEN—OWNER NOT ENTITLED TO PRO RATA APPORTIONMENT.—The contracts being void, the plaintiffs were each entitled to a lien for the full amount of the materials and labor furnished and put into the building, without regard to the contract price, or the balance remaining unpaid in the owner's hands; and the court properly refused to allow the owner to apportion the residue of the contract price *pro rata* between the lien claimants.

ID.—PLEADING IN CONSOLIDATED ACTION — AVERMENT OF VALIDITY OF CONTRACT BY ONE CLAIMANT—AVERMENTS OF INVALIDITY—CONCLUSIVE FINDING—RECOVERY.—Where in the consolidated action one lien claimant averred the validity of the contract, and other lien claimants alleged that each contract was void, the finding that both of the contracts were void is conclusive upon all parties to the consolidated action, and operated in favor of each of the plaintiffs recovering therein, including the plaintiff averring such validity.

ID.—AVERMENT OF AGREED PRICE—PRIMA FACIE AVERMENT OF VALUE— ABSENCE OF SPECIAL DEMURRER.—The averment of an agreed price both in the claim of lien and in the complaint is a sufficient *prima facie* averment of value, in the absence of a special demurrer for uncertainty.

ID.—CLAIM OF LIEN BY CORPORATION—INDIVIDUAL SIGNATURE AND VERIFICATION—EVIDENCE—POSITION OF GENERAL MANAGER—COMPETENT ACTION.—Where a claim of lien in favor of a corporation was signed and verified in its name individually by one who was proved without objection to be its general manager, who had full charge of all of its business, it was competent for him, in view of such evidence, to make and verify and file the claim for the corporation.

ID.—MOTION FOR NONSUIT — GENERAL STATEMENT INSUFFICIENT.—A motion for a nonsuit must specify the particular grounds thereof, and a general statement therein that a plaintiff had failed to prove his case is wholly insufficient, and motions for a nonsuit as to several plaintiffs on that ground were each properly denied.

ID.—FALSE CONCLUSION OF LAW.—A motion for a nonsuit also averring that a corporation as a subcontractor has no claim of lien under the law, is but a statement of a false conclusion of law, and is of no effect, and was properly denied.

ID.—IMPROPER ALLOWANCE OF INTEREST ON UNLIQUIDATED CLAIM PRIOR TO TRIAL—MODIFICATION OF JUDGMENT.—The court improperly allowed interest on a claim of lien for lumber sold at the market rates which changed from time to time, prior to the trial. In such case the amount due was unliquidated, and was not capable of being made certain by calculation, and only became certain when fixed by judgment. The judgment must be modified by striking out the interest prior to judgment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.   James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Daniel O'Connell, for Appellant.

Roger Johnson, Alexander Eells, and H. K. Eells, for Respondents.

E. B. Young, and F. A. Denicke, for Swiss-American Bank, Mortgagee, Defendant.

HALL, J.—Plaintiff Coghlan brought suit against Weisman Bros., as the contractor, and Salvatore Quartararo, as the owner, to recover a balance unpaid him, as subcontractor, for lathing and plastering a building constructed by Weisman Bros. for said Quartararo.

The other plaintiffs joined in bringing a similar action against the same defendants, the Swett-Davenport Lumber Company, seeking to recover for lumber furnished the contractor for said building, and Lettich-Foin Company, seeking to recover for the plumbing of said building.

Weisman Bros. defaulted and never appeared. The actions were consolidated and were tried together as one action. Findings of fact were made and judgments entered for the several plaintiffs as prayed for, against the contractors, Weisman Bros., and the amounts thereof adjudged to be a lien against the premises of Quartararo, with the usual decree of foreclosure to satisfy the same.

Defendant Quartararo appealed both from the judgment and from the order denying his motion for a new trial, and brought both appeals up on the same record, consisting of the judgment-roll and a bill of exceptions settled before the hearing upon the motion.

It appears that the notice of intention to move for a new trial was not served upon appellant's codefendants, Weisman Bros., and it is insisted by respondent that it was for that reason properly denied. Inasmuch as we think that the motion was properly denied on its merits, we do not deem it necessary to decide this point.

A large portion of appellant's brief is devoted to discussing matters that can only be considered under the head of insufficiency of the evidence to support the findings; but as there is no specification in the bill of exceptions of the particulars in which it is claimed that the evidence is insufficient to support the findings, we are precluded from reviewing the sufficiency of the evidence, and must accept the findings of fact made by the court as correct. (Code Civ. Proc., sec. 648; *Estate of Page,* 57 Cal. 238; *Snell* v. *Payne,* 115 Cal. 218, [46 Pac. 1069].)

The bill of exceptions does show that appellant requested the court to rule that the several plaintiffs had failed to prove their several causes of action, and that said motions were denied. This, however, was before the court had made any findings of fact. The findings of fact were subsequently signed and filed, and the bill of exceptions subsequently settled and used upon the motion for a new trial in no way refers to any of said findings of fact, and much less does it specify any particulars in which the evidence is insufficient to support any of said findings. This is essential before this court can review the sufficiency of the evidence to support the findings, either upon the appeal from the judgment or from the order denying the motion for a new trial. (Code Civ. Proc., secs. 648, 659; *Estate of Page,* 57 Cal. 238; *Snell* v. *Payne,* 115 Cal. 218, [46 Pac. 1069].)

Before the commencement of the trial defendant demanded that the consolidated actions be tried before a jury. This demand was denied, and he then requested that certain issues of fact be submitted to a jury. This was likewise denied.

The court did not err in refusing a jury trial, either upon the whole case or upon any special issue.

An action to foreclose a mechanic's, subcontractor's, or materialman's lien is a suit in equity, and the defendant, sued simply as the owner of the property against which it is sought to foreclose the lien, is not entitled to a jury trial. (*Curnow* v. *Blue Gravel Co.*, 68 Cal. 262, [9 Pac. 149].)

In the case at bar the only judgment sought or obtained as against appellant was that of foreclosure of the lien; no personal judgment against appellant was sought or obtained. The action, as against appellant, was similar to an action to foreclose a mortgage, in which action it has been held that a jury trial is properly denied, though the answer present the legal defense of nonexecution of the note and mortgage sued on. (*Downing* v. *Le Du*, 82 Cal. 471, [23 Pac. 202].)

It has also been held that the equitable nature of the action to quiet title cannot be changed so as to entitle a defendant to a jury trial, though defendant, being out of possession, file a cross-complaint in ejectment. (*Angus* v. *Craven*, 132 Cal. 691, [64 Pac. 1091]; *McNeil* v. *Morgan*, 157 Cal. 373, [108 Pac. 69].)

From the principles laid down by the above-cited authorities it is clear that the court did not err in refusing appellant's demand for a jury trial.

Evidence was introduced to the effect that various claimants, including the plaintiffs, had served notices on appellant that they had severally performed labor for and furnished materials to Weisman Bros., the original contractors, to the aggregate amount of about $3,900, and that thereupon appellant objected to plaintiffs' proceeding with the trial, and requested the court to rule that he was "justified in refusing to pay plaintiffs anything until there was an accounting and apportioning among the several claimants." The court refused to so rule, and such ruling is assigned as error.

The contracts between appellant and Weisman Bros. were void. There were two contracts. The first was for the erection of a two-story building, and the second for the addition of a third story thereto. Each contract provided that the work should be done in conformity with the plans, drawings and specifications "which are signed by the parties hereto" etc., and each was for over $1,000. As to the first contract, it

appeared that the plans and specifications were not signed, and as to the second, that "no plans or specifications therein referred to were filed therewith."

Both contracts were therefore void. (*West Coast Lumber Co.* v. *Knapp,* 122 Cal. 79, [54 Pac. 533] ; *Donnelly* v. *Adams,* 115 Cal. 130, [46 Pac. 916] ; *Willamette etc. Co.* v. *Los Angeles College Co.,* 94 Cal. 229, [29 Pac. 629].) Consequently, plaintiffs were entitled to a lien for the value of the materials and labor furnished and put into the building, without regard to the price named in the original contract between appellant and his contractors or the balance remaining unpaid in the owner's hands. (*Kellogg* v. *Howes,* 81 Cal. 170, [22 Pac. 509, 6 L. R. A. 588].) The court in its ruling, therefore, did not err.

What we have said concerning the contracts between appellant and Weisman Bros. being void also disposes of the special defenses set up for the purpose of reducing the amount due from appellant to the contractors. The contracts being void, the plaintiffs were not affected or concerned with the amount due from appellant to his contractors.

In this connection, however, appellant urges that plaintiff Coghlan in his complaint set up a valid and properly filed contract between the owner and the contractor; and insists that he therefore cannot take advantage of the fact that the contract was void for noncompliance with the statute. But the other plaintiffs set up that the contracts were never filed, and the court so found. The actions being consolidated, any of the plaintiffs could tender an issue as to the validity of the contracts, and the finding thereon would bind all the parties to the action. As was said in *Union Lumber Co.* v. *Simon,* 150 Cal. 751, [89 Pac. 1077] : "This issue affected the rights of each of the plaintiffs, and its presentation in any of the original complaints became an issue in the consolidated action, and the finding and judgment thereon operated in favor of all the plaintiffs." (See, also, *Willamette Steam Mills etc. Co.* v. *Los Angeles College Co.,* 94 Cal. 229, [29 Pac. 629].)

The point also seems to be made that Coghlan should have sued for the value of his work, and not on the agreed price. But it has been decided that an allegation of the agreed price, both in the claim of lien and in the complaint, is a sufficient *prima facie* allegation of value, and is sufficient in the absence

of a demurrer for uncertainty. (*Bringham* v. *Knox,* 127 Cal. 40, 44, [59 Pac. 198].)

At the close of the testimony introduced on behalf of the Swett-Davenport Lumber Company appellant requested the court "to rule and decide that said Swett-Davenport Lumber Company had failed in proof of its case, in that the claim of lien filed was not made by said corporation and was insufficient; and that said corporation had not proved the value of the materials or the mill work claimed to have been furnished; and that the law applying the payments made by Weisman Bros. on said account showed that there was nothing due said Swett-Davenport Lumber Company for labor or materials furnished to, or for, or charged to, this building; and also that there was no evidence that said labor and materials were actually used in the construction of this building." This request was refused, and appellant excepted.

The claim of lien of said plaintiff purports on its face to be the claim of the Swett-Davenport Lumber Company, a corporation, and is in all respects in proper form. It is signed "Swett-Davenport Lbr. Co. By W. E. Code," and verified by W. E. Code, and was introduced in evidence without objection. The evidence shows that W. E. Code had full charge of the business of the corporation—substantially that he was the general manager thereof. It was competent for him to make and file the claim for the corporation and to verify it. (*Park & Lacy Co.* v. *Inter Nos etc. Co.,* 147 Cal. 490, [82 Pac. 51]; *Greig* v. *Riordan,* 99 Cal. 316, [33 Pac. 913].)

The testimony of Code and Weisman, one of the contractors, fully meets the other objections to the sufficiency of the case made by said plaintiff.

The request of appellant should probably be treated as a motion for a nonsuit, though not so denominated in the motion, and as such it was properly denied.

Similar motions were made for similar rulings as to the other plaintiffs, but the grounds of the motions were not stated, except generally that the particular plaintiff had failed to prove his case, and that "a corporation as a subcontractor had no lien under the law."

The general statement that plaintiff had failed to prove its case is wholly insufficient as a statement of grounds for nonsuit, and in such case the motion must be denied (*Miller* v.

*Luco,* 80 Cal. 257, [22 Pac. 195]) ; and the statute gives a lien
to subcontractors. (*Macomber* v. *Bigelow,* 126 Cal. 9, [58 Pac.
312].) The other motions were therefore properly denied.

Appellant's contention that the court erred in allowing in-
terest on the amount due the Swett-Davenport Lumber Co.
prior to the judgment must be sustained. This plaintiff sold
at the market rates, which changed from time to time, and
were the subject of proof at the trial. The amount due was
unliquidated, and was not capable of being made certain by
calculation. It only became certain when fixed by the judg-
ment. Interest in such a case cannot be allowed prior to
judgment. (*Burnett* v. *Glas,* 154 Cal. 249, [97 Pac. 423].)

In all other respects the judgment is supported by the find-
ings.

The various objections made that go to the sufficiency of the
evidence to support the findings cannot be considered for want
of any specification of such insufficiency, as we before pointed
out. The only error we find in the record is the one allowing
interest before judgment to Swett-Davenport Lumber Co.

The order denying the motion for a new trial is affirmed.
The judgment is modified by striking from that part awarding
judgment to Swett-Davenport Lumber Company the words
and figures following, to wit: "With interest thereon at the
rate of seven per cent per annum from the 1st day of August,
1907, amounting to $176.00," and as so modified the judgment
is affirmed as of the date thereof. Appellant is to recover of
plaintiff Swett-Davenport Lumber Company one-third his
costs of this appeal.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court,
after judgment in the district court of appeal, was denied by
the supreme court on May 20, 1911.