[L. A. No. 8867.   Department One.—December 17, 1927.]

## BERTHA SAY, Respondent, v. BESSIE L. BARBER et al., Appellants.

[1] NEGLIGENCE — PHYSICIANS AND SURGEONS — MALPRACTICE—PLEAD-
ING—WAIVER OF OBJECTION.—In an action for damages resulting
from alleged negligence in the performance of an operation on
plaintiff's face by a doctor, where the complaint alleged that
defendants performed the operation and in doing so "neglected to
use proper care and skill in the performance of said operation,
and performed said operation in a careless and negligent manner
and as a proximate consequence and cause thereof the plaintiff"
sustained the damage complained of, an objection that the com-
plaint states no specific facts showing the negligence complained
of or that contributed to the injury of plaintiff is made too
late on appeal, no objection having been made at or prior to
the trial or at any time in the court below and the complaint·
being treated by all parties as stating a good cause of action
for negligence.

[2] ID.—JOINT LIABILITY OF DEFENDANTS—ADMISSIONS OF ANSWER.—
In such a case, where the answer admits that "defendants are
engaged in the business of beauty culture and plastic surgery"
and "hold themselves out as being capable of performing this
operation with skill," the contention that the doctor was not
bound by certain statements and representations made by his
co-defendant in the absence of any evidence that the two defend-
ants, one of whom was conducting a beauty parlor and the other
a physician specializing in plastic surgery, were associated to-
gether in carrying on a joint business, cannot be maintained.

[3] ID. — OBLIGATION OF SURGEON —USE OF SKILL AND CARE.—A sur-
geon does not guarantee a good result. His undertaking is to
use the skill and learning of the average member of his profes-
sion in good standing, to exercise reasonable care, and to exert
his best judgment in an effort to bring about a good result.

(1) 3 C. J., p. 786, n. 75.   (2) 31 Cyc., p. 92, n. 88.   (3) 30 Cyc.,
p. 1570, n. 19, p. 1573, n. 35.

1.  See 2 Cal. Jur. 239, 258; 20 Cal. Jur. 1076.
3.  Degree of skill and care required of physicians and surgeons,
notes, 59 Am. Dec. 397; 93 Am. St. Rep. 657; 1 Ann. Cas. 21, 306;
14 Ann. Cas. 605; 37 L. R. A. 830. See, also, 20 Cal. Jur. 1074; 21
R. C. L. 381, 391.

APPEAL from a judgment of the Superior Court of Los Angeles County. A. B. McKenzie, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

John F. Imel and Neal E. Dow for Appellants.

Arthur C. Webb for Respondent.

CURTIS, J.—Plaintiff recovered a judgment against defendants as damages sustained by plaintiff as a result of an operation alleged to have been negligently performed on plaintiff's face by the defendant, Doctor Foster M. Hull. [1] Defendants ask a reversal of the judgment on the ground that the complaint fails to state sufficient facts to constitute a cause of action for malpractice, and that the evidence is insufficient to support the findings. In support of the first ground defendants claim that the complaint states no specific facts showing the negligence complained of or that contributed to the injury of plaintiff. It is alleged in the complaint that defendants performed the operation and in doing so "neglected to use proper care and skill in the performance of said operation, and performed said operation in a careless and negligent manner and as a proximate consequence and cause thereof the plaintiff" sustained the damage complained thereof. No objection was made to the complaint at or prior to the trial, or at any time in the court below. On the other hand, it was treated by all parties as stating a good cause of action against the defendants for negligence. Such an objection comes too late if made for the first time on appeal (*McDougald* v. *Hulet,* 132 Cal. 150, 160 [64 Pac. 278]; *Parke & Lacy Co.* v. *Inter Nos etc. Co.,* 147 Cal. 490, 493 [82 Pac. 51]). However, a complaint in many of its essential features like the one in the present action was approved by this court in the recent case of *Hall* v. *Steele,* 193 Cal. 602, 605 [226 Pac. 854].

[2] The second ground upon which defendants rest their claim for a reversal of the judgment is that the findings are not supported by the evidence. It is first contended that Doctor Hull was not bound by certain statements and representations made by the defendant Barber in the absence of

any evidence that the two defendants, one of whom was conducting a beauty parlor and the other a physician specializing in plastic surgery, were associated together in carrying on a joint business. There is no merit in this contention in view of the admissions in their answer that "defendants are engaged in the business of beauty culture and plastic surgery" and "hold themselves out as being capable of performing this operation with skill." The further claim is made that the evidence does not sustain the finding that the defendants were guilty of negligence in the performance of the operation resulting in the disfigurement of plaintiff's face. [3] A surgeon does not guarantee a good result. His undertaking is to use the skill and learning of the. average member of his profession in good standing, to exercise reasonable care, and to exert his best judgment in an effort to bring about a good result. (*Louden* v. *Scott,* 58 Mont. 645 [12 A. L. R. 1491, 1492, 194 Pac. 488].) The trial court found that the acts of the defendants in performing the operation upon plaintiff did not measure up to this standard. This conclusion finds support in the testimony of the plaintiff and her sister, and that of Doctor Brown, a witness for the plaintiff. The finding, therefore, of negligence on the part of the defendants is justified by the evidence.

The judgment is affirmed.

Preston, J., and Seawell, J., concurred.