(19 Misc. Rep. 612.)

## REILLY v. POERSCHKE et al.

(Supreme Court, Appellate Term, First Department. March 25, 1897.)

**1. MECHANICS' LIENS—ACTION ON BOND—PARTIES.**

A lien claimant may sue both the contractor and the sureties on the bond given to discharge the lien (Laws 1885, c. 342, § 24, subd. 6); the effect of the bond being merely to substitute the sureties for the land, and not to create a new cause of action.

**2. SAME—COMPLAINT—ALLEGING NAME OF OBLIGEE.**

A complaint alleges the name of the obligee sufficiently to withstand a demurrer where it states that the contractor obtained an order of the court of common pleas fixing the amount of the bond, that he thereafter gave bond with sureties in the amount fixed, and that an order was entered approving the bond and discharging the lien, since such allegations necessarily refer to the bond authorized by the mechanic's lien law (Laws 1885, c. 342, § 24, subd. 6), which require it to be executed to the clerk of the county.

**3. SAME—LEAVE TO SUE.**

A bond given to discharge a mechanic's lien is not within Code Civ. Proc. § 814, requiring leave to sue on a bond "given, as prescribed by law, in the course of an action or special proceeding, to the people or to a public officer, for the benefit of a party or other person interested," where provision is not specially made by law for the prosecution thereof, since the procedure to enforce a mechanic's lien is fully prescribed by the mechanic's lien law.

Appeal from city court of New York, general term.

Action by Michael Reilly against Edward R. Poerschke and others. From an affirmance of a judgment in favor of plaintiff (42 N. Y. Supp. 1132), defendants appeal. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Fromme Bros., for appellant Poerschke.
Jacob Fromme, for appellant Ficke.
W. S. Burt, for appellant Miller.
Frank Schaeffler, for respondent.

McADAM, J. The action is for the foreclosure of a mechanic's lien, and the complaint, besides the usual averments, contains the allegations that a bond was given, by which the lien was discharged according to statute, and that the bond was duly approved, and then demands judgment that the plaintiff's claim be adjudged a valid lien, and that he have judgment against the defendant Poerschke, the contractor by whom he was employed, and against the defendants Ficke and Miller, sureties on the bond given to discharge the lien. The con-

tractor and sureties interposed separate demurrers, upon substantially the same grounds, namely, misjoinder of causes of action, and insufficiency of facts. The demurrers were overruled in the court below, with leave to withdraw same and answer over; and, the defendants declining to avail themselves of the leave given, final judgment went against them, which was affirmed by the general term, and from the order of affirmance the present appeal is taken.

The appellants' argument is apparently based on the assumption that the action must be on the bond, or against Poerschke as contractor, and that both actions have been improperly joined together. The substitution of the statutory bond for the land does not change the nature of the cause of action. The sureties take the place of the land. The bond may be given after the action is commenced as well as before. If given before, the liability of the owner ceases, and he is no longer a necessary party, but the sureties are. If the bond is given after the commencement of the action, the sureties may be brought in as defendants. The procedure in controversies of this kind has been settled by Morton v. Tucker, 145 N. Y. 244, 40 N. E. 3, which establishes that the complaint must be in the form usual in an action to foreclose a mechanic's lien, with the exception that it should allege the giving of the bond, when one has been given, and the consequent discharge of the lien, and, instead of asking judgment for the sale of the premises, should demand relief against the persons executing the bond for the amount determined to be payable on the lien. This practice seems to have been observed by the plaintiff.

Technical objections have been urged by the appellants to the plaintiff's complaint:

1. That it does not allege the name of the obligee in the bond.

The allegations of the complaint in this respect are as follows:

"That thereafter, and on or about the 11th day of July, 1894, the defendant Poerschke obtained an order of the court of common pleas for the city and county of New York fixing the amount of the bond to be given to discharge this lien at four hundred ($400) dollars; that thereafter the said defendant Poerschke did give his bond, with the defendants Henry A. Ficke and Herman Miller as sureties, in the amount fixed by the court, dated the 14th day of August, 1894, and conditioned for the payment of any judgment which may be rendered against said property in any proceedings to enforce this lien, and an order was entered approving said bond and discharging the lien, and said lien was thereupon discharged by the clerk of the city and county of New York."

It is manifest that the bond referred to in the complaint is that which must be given on the discharge of a mechanic's lien (Laws 1885, c. 342, § 24, subd. 6), and the condition of the bond, as alleged in the complaint, follows substantially the language of the statute. The act directs that the bond shall be executed to the clerk of the county where the premises are situated; and, having been approved by one of the judges of the court of common pleas, it is fair to assume that the judge did his duty, and approved such a bond as the statute requires. "Omnia præsumuntur rite esse acta." Bank v. Strauss, 137 N. Y., at page 151, 32 N. E. 1066. A complaint, on demurrer, will be deemed to allege what can be implied by reasonable and fair intendment. Marie v. Garrison, 83 N. Y. 14; Lorillard v Clyde, 86 N.

Y. 384; Olcott v. Carroll, 39 N. Y. 436; Wall v. Bulger, 46 Hun, 346; Milliken v. Telegraph Co., 110 N. Y. 403, 18 N. E. 251.

2. That it does not appear that any assignment was made by the county clerk, or that leave to sue was obtained as required by section 814 of the Code.

The Code provision relied upon requires that:

"Where a bond or undertaking has been given, as prescribed by law, in the course of an action or special proceeding, to the people or to a public officer, for the benefit of a party or other person interested, and provision is not specially made by law for the prosecution thereof; the party or other person, so interested, may maintain an action in his own name, for a breach of the condition of the bond, or of the terms of the undertaking; upon procuring an order, granting him leave so to do."

The bond set forth in the complaint was given for the benefit of the plaintiff, to take the place of the property on which he had acquired a specific lien, and the legal obligation or duty owing to the lienor so connected him with the transaction as to be a substitute for any privity with the promisor. Vrooman v. Turner, 69 N. Y. 284. Nor does the fact that the bond is an instrument under seal preclude the plaintiff from suing thereon. It appears on the face of the bond that the obligation of the sureties is for the plaintiff's benefit, and it can therefore be enforced by him. Lawrence v. Fox, 20 N. Y. 268, and kindred cases, cited in Vrooman v. Turner, supra. The case is analogous to one where the grantee of mortgaged premises has assumed payment of the mortgage. There is no privity of contract between the mortgagee and the grantee. The former is not a party to the deed containing the covenant of assumption, and yet the mortgagee has an undoubted right of action against the grantee. Burr v. Beers, 24 N. Y. 178. Henricus v. Englert, 137 N. Y. 488, 33 N. E. 550, relied on by the defendants, was on an obligation given to certain individuals for their own indemnity; and the court applied the general rule that, the instrument being under seal, the obligees were the only persons authorized to sue upon it. That case is clearly distinguished from this. Here the bond was to the county clerk as a public official, and he became in effect merely the trustee of an express trust (People v. Norton, 9 N. Y. 176); and the bond must be construed with reference to the statute respecting mechanics' liens, under which it was given, for this defines its purpose and designates the real beneficiary or person entitled to enforce it. "The bond given in such a proceeding is not to be considered merely as a contract between the parties. It is something more. It is part and parcel of a judicial proceeding." People v. Higgins, 151 N. Y., at page 577, 45 N. E. 1035. Section 449 of the Code, providing that the trustee of an express trust may sue without joining the beneficiary, is permissive only, and does not forbid an action by the beneficiary. Potter v. Potter, 8 Civ. Proc. R. 150. The statute giving the lien (Laws 1885, c. 342) makes special provision for the foreclosure thereof, as follows:

"Sec. 7. Any claimant who has filed the notice of lien mentioned in the fourth section of this act, may enforce his claim against the property therein mentioned. and against the person or persons, firm or firms, corporation or association, liable for the debt, by a civil action in a court of record in the city or county where the property is situated, which would have jurisdiction to ren-

der a judgment in an action founded upon a contract, for a sum equal to the amount of the lien.

"Sec. 8. The manner and form of instituting and prosecuting any such action to judgment, or an appeal from such judgment, shall be the same as in actions for the foreclosure of mortgages upon real property, except as herein otherwise provided."

This special statute affords the only means by which the lien may be foreclosed. Heiser v. Mayor, etc., 104 N. Y. 68, 72, 9 N. E. 866. The authorities now agree that the bond given on discharging the lien is substituted for and becomes the land, and the change in procedure in case a bond is given is simply to bring in the sureties in place of the land. Copley v. Hay (Com. Pl.) 12 N. Y. Supp. 277; Brandt v. Radley (Sup.) 23 N. Y. Supp. 277; Scherrer v. Music Hall Co. (Com. Pl.) 18 N. Y. Supp. 459. In fact, the land is not discharged until the sureties take its place, and they take its place not for one but for all the purposes contemplated by the special statute, from the beginning to the end of the proceedings, without regard to provisions contained in other enactments of a general nature, which can in no manner impair the obligation or the means given to enforce it. See Hoey v. Gilroy, 129 N. Y. 132, 138, 29 N. E. 85. This upon the principle that when a statute contains separate provisions, one special and the other general, the latter will not be construed as including the former, but the special statute will be regarded as in the nature of an exception to the general one. Wormser v. Brown, 149 N. Y. 163, 43 N. E. 524. The special statute relating to the foreclosure of mechanics' liens, as interpreted by the courts, requires the sureties on the bond to be made parties to the proceeding, and the claimant is authorized to bring them in, as of right. It would seem almost a solecism to hold that what this special act directs to be done without leave should be delayed or defeated unless, under a different enactment of a general nature, leave has first been obtained, particularly when the general statute contains, as it does here, an express provision that it is to apply only to cases where "provision is not specially made by law for the prosecution thereof." Under the practice which required the bond to be prosecuted in an independent action, there was some propriety in the decisions requiring leave to sue; but since the sureties must be proceeded against in the action for the foreclosure of the lien, the reason for such requirement has ceased, and with it the requirement itself. The remedy to enforce the obligation of the sureties is not, as the defendants seem to suppose, by an action at law upon the bond, but by a suit in equity, like a mortgage foreclosure, in which all persons interested, including the sureties on the bond, are made parties, that the rights and liabilities of all may be determined at the same time; and it is not a condition precedent to the bringing of such a suit that the lienor shall exhaust his remedy against the landowner by recovering a judgment of foreclosure in form against the property described in the notice of lien. Morton v. Tucker, supra. In other words, the practice under the mechanic's lien law, as settled by the case cited, requires that where the lien has been discharged before suit brought, as in this case, the action must be in the form adopted by the plaintiff,—that is, against the contractor and the sure-

ties on the bond,—because the bond takes the place of the property, and, for all the purposes of such an action, is the property.

The judgment must be affirmed, with costs.   All concur.