(22 Misc. Rep. 549.)

### HEAGNEY v. HOPKINS et al.

(City Court of New York, General Term.    February 23, 1898.)

PREMATURE ACTION—ON BOND.

Action on bond conditioned for payment of any judgment which may be rendered against certain property in an action to enforce his alleged lien against it, being brought pending appeal by the property owner from judgment for H., is premature.

Appeal from special term.

Action by Eugene F. Heagney against Le Roy Hopkins and others.
From a judgment dismissing the complaint on the merits, plaintiff
appeals.    Modified.

Argued before SCHUCHMAN and CONLAN, JJ.

Whitehead, Dexter & Osborn, for appellant.

J. Woolsey Shepard, for respondents.

SCHUCHMAN, J.    The cause of action set forth in the complaint
is a liability against sureties on a bond given by contractors, the de-
fendants Hopkins and Roberts, to discharge a mechanic's lien.    The
condition of the bond is as follows:

"If Hopkins and Roberts shall well and truly pay any and all judgments which may be rendered against said property in favor of said Eugene F. Heagney in an action to enforce his alleged lien, then the obligation shall be void; otherwise to remain in full force and virtue."

The complaint further alleges that on October 24, 1896, the defend-
ants Hopkins and Roberts brought an action in the supreme court
against William Engel, as owner, to foreclose a mechanic's lien
against the property, and made this plaintiff, Eugene F. Heagney, a
prior lienor, a party defendant therein; and that on July 23, 1896,
final judgment was rendered therein, adjudging and decreeing,
among other things, "that judgment be rendered against the prop-
erty in favor of the plaintiff herein, and that the property be sold,
and out of the proceeds arising from the sale the plaintiff herein be
paid the sum of four hundred dollars,"—the amount due on his lien.
The answer of the defendants (all answering in one answer) admits
the giving of the bond, the bringing of said action, and the rendition
of said judgment, but sets up for a separate and distinct answer "that
said William Engel took and perfected an appeal to the appellate
division of the supreme court, and that in and by his notice he ap-
pealed from each and every part of the said judgment, and that all
proceedings under said judgment have been and now are stayed by
a compliance with the provisions of the Code of Civil Procedure re-
lating to appeals in mechanic's lien cases; that Engel has given the
requisite undertaking; and that said appeal is now pending and un-
disposed of.    On the trial, all the aforesaid allegations of the com-

plaint and answer were proven without contradiction, and it appeared furthermore that this plaintiff, Heagney, had interposed an answer in the said foreclosure action brought in the supreme court, and that the appeal from the judgment rendered therein was taken on August 19, 1896, and that this action was commenced on February 6, 1897.

The trial judge dismissed the plaintiff's complaint, assigning as his reason therefor that this action was a common-law action, which could not be maintained against the sureties on such a bond, and that they could only be sued in an action in equity to foreclose the lien; citing Morton v. Tucker, 145 N. Y. 244, 40 N. E. 3. And see Reilly v. Poerschke, 19 Misc. Rep. 612, 44 N. Y. Supp. 422. In this reasoning, we think, he erred, and believe that this action, being a common-law action, is maintainable. Ringle v. Matthiessen, 10 App. Div. 274, 41 N. Y. Supp. 962; Miller v. McKeon, 15 App. Div. 133, 44 N. Y. Supp. 371. But the dismissal was proper and correct for another reason, viz. that this action was prematurely brought. It was brought on February 6, 1897, while the appeal from the said judgment of foreclosure rendered in the supreme court, which was taken on August 19, 1896, was pending, and which still is undetermined. The appeal of Engel, the owner, from that foreclosure judgment, stays all proceedings thereunder. Section 1331, Code Civ. Proc. By this judgment the plaintiff's claim under the lien is established. If it is reversed on the appeal, then the plaintiff will have no judgment. How will he then fasten any liabilities on the sureties of the bond in this action, which is conditioned "on payment of any judgment which may be rendered against said property in favor of said Eugene F. Heagney in an action to enforce his alleged lien." The judgment in this condition referred to means a final judgment. The trial judge dismissed the complaint upon the merits. The latter part is error. Section 1209, Code; Place v. Hayward, 117 N. Y. 487, 23 N. E. 25; Bliven v. Robinson, 152 N. Y. 333, 46 N. E. 615.

The judgment appealed from is modified by striking therefrom the words "upon the merits," and, as thus modified, affirmed, without costs to either side on this appeal.