[No. A055273. First Dist., Div. Three. Feb. 19, 1993.]

GRADE-WAY CONSTRUCTION COMPANY, Plaintiff and Respondent,
v.
GOLDEN EAGLE INSURANCE COMPANY, Defendant and Appellant.

828

**COUNSEL**

Wild & Zaragoza, Donald R. Wild and Terence Kenney for Defendant and Appellant.

Barry & Tong and David Barry for Plaintiff and Respondent.

**OPINION**

**CHIN, J.**—Golden Eagle Insurance Company (Golden Eagle) appeals from final judgments entered in favor of respondent Grade-Way Construction Company (Grade-Way) in two consolidated actions that Grade-Way brought against Golden Eagle as surety on certain mechanic's lien release bonds and stop notice release bonds (the Release Bonds). Golden Eagle contends that, because the Release Bonds were not bonds "given in an action or proceeding," the trial court erred in enforcing them through the summary procedure

of Code of Civil Procedure section 996.440.[1] Alternatively, Golden Eagle argues that, even if the summary procedure applies, the trial court improperly granted summary judgment. We reject both of these contentions; therefore, we affirm.

## Factual and Procedural Background

From October 1988 to June 1989, Grade-Way was a grading subcontractor on two residential subdivision construction projects in Alameda County. It furnished labor, materials, services, and equipment pursuant to its contract with J. L. Construction Company (JL), the prime general contractor and developer on the projects. Because it did not receive payment for a substantial part of its work on the projects, Grade-Way recorded mechanic's liens pursuant to Civil Code sections 3115, 3116, and 3117. Pursuant to Civil Code sections 3158, 3159, and 3160, it also served stop notices on Home Federal Savings and Loan Association (Home Fed) and Far West Savings and Loan Association (Far West), the construction lenders on the projects. In June and July 1989, Grade-Way filed suits against JL, Home Fed and Far West, among others, to enforce the liens and stop notices.

After Grade-Way had recorded its mechanic's liens and stop notices and filed suit to recover on its claims, Golden Eagle agreed to issue surety bonds discharging JL, the real property subject to the liens, and the construction lenders from their respective obligations under the mechanic's liens and stop notices. JL recorded these bonds in late 1989 and early 1990 with the Alameda County Recorder's office. Grade-Way requested and received leave to amend its complaints to include causes of action against Golden Eagle to recover on the Release Bonds for each of the two projects. Subsequently, on May 16, 1991, the trial court consolidated in one action the complaints on the two projects and set trial for June 17, 1991.

After Golden Eagle filed answers to the amended complaints, Grade-Way and JL stipulated to entry of judgment against JL. Golden Eagle filed an amended answer to the consolidated amended complaints. Grade-Way then moved pursuant to section 996.440 for summary enforcement of Golden Eagle's liability on the Release Bonds. After hearing, the trial court granted the motion and entered judgment against Golden Eagle on each of the consolidated complaints. This appeal followed.

## Bonds Given in an Action or Proceeding

At issue is the trial court's application of section 996.440, which provides for enforcement of bonds "given in an action or proceeding . . . on motion

---

[1]Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

made in the court without the necessity of an independent action." (§ 996.440, subd. (a).)[2] Appellant Golden Eagle contends that mechanic's lien release bonds and stop notice release bonds are not bonds "given in an action or proceeding" and thus are not subject to this statutory procedure. This question appears to be one of first impression.

Section 996.440 is part of the Bond and Undertaking Law (Code Civ. Proc., tit. 14, ch. 2, § 995.010 et seq.), which applies broadly "to a bond or undertaking executed, filed, posted, furnished, or otherwise given as security pursuant to any statute of this state, except to the extent the statute prescribes a different rule or is inconsistent." (§ 995.020.) The Bond and Undertaking Law does not affirmatively define the term bond "given in an action or proceeding." Rather, it describes this term only by exclusion, stating that "[a] bond provided for or given 'in an action or proceeding' *does not include* a bond provided for, or given as, a condition of a license or permit." (§ 995.140, subd. (b), italics added.)[3] More generally, a "Bond" for purposes of the Bond and Undertaking Law includes "[a] surety, indemnity, fiduciary, or like bond" or "undertaking" executed either by both the principal and sureties, or by the sureties alone. (§ 995.140, subd. (a)(1), (2).)

Although no reported decisions have specifically addressed whether a release bond given in a construction contract context may be a bond "given

---

[2]Section 996.440 provides as follows: "(a) If a bond is given in an action or proceeding, the liability on the bond may be enforced on motion made in the court without the necessity of an independent action. [¶] (b) The motion shall not be made until after entry of the final judgment in the action or proceeding in which the bond is given and the time for appeal has expired or, if an appeal is taken, until the appeal is finally determined. The motion shall not be made or notice of motion served more than one year after the later of the preceding dates. [¶] (c) Notice of motion shall be served on the principal and sureties at least 30 days before the time set for hearing of the motion. The notice shall state the amount of the claim and shall be supported by affidavits setting forth the facts on which the claim is based. The notice and affidavits shall be served in accordance with any procedure authorized by Chapter 5 (commencing with Section 1010). [¶] (d) Judgment shall be entered against the principal and sureties in accordance with the motion unless the principal or sureties serve and file affidavits in opposition to the motion showing such facts as may be deemed by the judge hearing the motion sufficient to present a triable issue of fact. If such a showing is made, the issues to be tried shall be specified by the court. Trial shall be by the court and shall be set for the earliest date convenient to the court, allowing sufficient time for such discovery proceedings as may be requested. [¶] (e) The principal and sureties shall not obtain a stay of the proceedings pending determination of any conflicting claims among beneficiaries."

[3]Section 995.220 of the Bond and Undertaking Law exempts certain public entities and officers from the requirements of a statute that "provides for a bond in an action or proceeding, including but not limited to a bond for issuance of a restraining order or injunction, appointment of a receiver, or stay of enforcement of a judgment on appeal . . . ." By its terms, this section contains only a partial listing of bonds "given in an action or proceeding" and does not purport to exclude from this category all bonds other than those listed.

in an action or proceeding" under section 996.440, several opinions have considered related issues. In *Milo Equipment Corp.* v. *Elsinore Valley Mun. Water Dist.* (1988) 205 Cal.App.3d 1282 [253 Cal.Rptr. 126], the Court of Appeal held that the Bond and Undertaking Law applies to stop notice release bonds. In reaching this conclusion, the court rejected the contention that, "unlike stop notice release bonds, bonds governed by the Bond and Undertaking Law are almost invariably bonds given in connection with a court proceeding, such as a writ of attachment, an order for claim and delivery, a preliminary injunction, or a stay of execution." (*Id.*, at p. 1287.) The court stated: "[T]he Bond and Undertaking Law is not limited to bonds filed ancillary to court proceedings. The California Law Revision Commission report noted that prior to the new law, the various codes provided for more than 500 different bonds and undertakings. Although many of these bonds are issued in connection with court proceedings, many others are not. Furthermore, . . . the Bond and Undertaking Law expressly provides that the liability on a bond may be enforced in a separate civil action. (Code Civ. Proc., § 996.430, subd. (a).) We conclude that the Bond and Undertaking Law applies to stop notice release bonds . . . ." (*Milo Equipment Corp., supra*, at pp. 1287-1288.)

In *Hutnick* v. *United States Fidelity & Guaranty Co.* (1988) 47 Cal.3d 456 [253 Cal.Rptr. 236, 763 P.2d 1326], the Supreme Court held that, where a surety issues a release bond after a claimant files a timely mechanic's lien foreclosure action, "an amended or supplemental complaint alleging the recording of a release bond and seeking recovery against the bond does not introduce a new cause of action and therefore is not subject to a statute of limitations." (*Id.*, at p. 464, fn. omitted.) Even where the claimant adds the surety to the action "long after its commencement" (*id.*, at p. 466), the action against the surety "is timely because, in general, the statute of limitations provides no defense to the successor of a party timely sued. [Citation.] . . . Although [such a] case does not involve a direct substitution of parties, it is similar in that the release bond has been substituted in place of the liened property after the cause of action accrued and the new parties' liability is premised on this substitution. The principle under which the statute of limitations is satisfied in the former situations is also broad enough to cover the present case. [¶] *These conclusions make the procedure in respect to release bonds parallel to that statutorily prescribed for litigation bonds generally.* As provided in the Bond and Undertaking Law (Code Civ. Proc., § 995.010 et seq.), a surety on a bond given in an action or proceeding submits itself to the jurisdiction of the court in all matters affecting its liability on the bond and this liability may be enforced either by civil action or by a motion 'without the necessity of an independent action' (*id.* at

§§ 996.420-996.440). *Similarly, when a mechanic's lien foreclosure action is commenced and a release bond is thereafter recorded, the lien claimant may obtain recovery against the bond's surety in the pending action without having to plead a new cause of action* or comply with an additional limitations period." (*Hutnick, supra,* at p. 467, italics added.)

Thus, under *Hutnick,* the procedure available to a lien claimant with respect to a release bond recorded after commencement of the foreclosure action is "parallel" to that available to claimants on litigation bonds. The lien claimant need not bring an independent action against the surety, but may enforce the surety's liability and obtain recovery "in the pending action without having to plead a new cause of action." We find this analysis equally applicable to stop notice release bonds, where, as here, the stop notice release bond has been served and filed after the filing of a lawsuit to enforce the stop notice. Like a mechanic's lien release bond under Civil Code section 3143, a stop notice release bond under Civil Code section 3171 acts as a substitute fund to satisfy an outstanding claim. Just as the mechanic's lien release bond replaces the liened property, the stop notice release bond replaces the funds in the possession of the owner, construction lender, or source of construction payment.

Other sections of the Bond and Undertaking Law support this analysis. Under section 995.020, subdivision (a), all "[t]he provisions of this chapter" apply to any "bond or undertaking executed, filed, posted, furnished, or otherwise given as security pursuant to any statute of this state, except to the extent the statute prescribes a different rule or is inconsistent." The phrase, the "provisions of this chapter," encompasses all of the Bond and Undertaking Law, including section 996.440. The release bonds at issue here come within the inclusive definition of section 995.020. Nothing in either the mechanic's lien law (Civ. Code, § 3109 et seq.) or the stop notice law (Civ. Code, § 3156 et seq.) is inconsistent with any of the provisions of the Bond and Undertaking Law.

Although the Bond and Undertaking Law does not define the phrase, "given in an action or proceeding," the Code of Civil Procedure identifies "actions" and "proceedings" as the two classes of "judicial remedies" (§ 21), i.e., remedies "administered by the [c]ourts of justice, or by judicial officers empowered for that purpose by the Constitution and statutes of this [s]tate." (§ 20.) The Code of Civil Procedure further defines an "action" as "an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." (§ 22.) In

this context, the word "action" is synonymous with a lawsuit. On the other hand, the word "proceeding" is broader. Under section 23, "[e]very other remedy is a special proceeding."

Under these broad definitions, the statutory procedures governing both mechanic's liens and stop notices qualify as judicial remedies. A mechanic's lien automatically expires and is "null and void and of no further force and effect" unless the lien claimant commences a foreclosure action within 90 days after recording the lien claim and brings it to trial within 2 years thereafter. (Civ. Code, §§ 3144, 3147.) Similarly, a stop notice "cease[s] to be effective" if the claimant fails to bring an action against the owner or construction lender within 90 days "following the expiration of the period within which claims of lien must be recorded . . . ." (Civ. Code, § 3172.) By virtue of these statutory provisions and the broad definitions of "action" and "proceeding," any mechanic's lien release bond or stop notice release bond necessarily is "given in an action or proceeding."

Section 995.140 contains the only exclusion in the Bond and Undertaking Law related to bonds "given in an action or proceeding." It excludes bonds "provided for, or given as, a condition of a license or permit." (§ 995.140, subd. (b).) By not defining bonds given in an action or proceeding more narrowly, the Legislature has indicated that the category may include any bonds given in connection with litigation. In short, bonds "given in an action or proceeding" are not exclusively limited to "litigation bonds," such as statutory bonds for writs of attachment, issuance of restraining orders or injunctions, and stay of enforcement pending appeal.

Section 995.250, dealing with the costs of bonding, illustrates our conclusion. It provides that "[i]f a statute allows costs to a party in an action or proceeding, the costs shall include all of the following: [¶] (a) The premium on a bond reasonably paid by the party pursuant to a statute that provides for the bond in the action or proceeding. [¶] (b) The premium on a bond reasonably paid by the party *in connection with* the action or proceeding, unless the court determines that the bond was unnecessary." (Italics added.) The Law Revision Commission comment to this section explains: "Subdivision (a) makes clear that the court does not have discretion to deny the cost of a statutory litigation bond. Subdivision (b) continues the rule that costs may be allowed for nonlitigation bonds *if procured in connection with litigation*." (16 Cal. Law Revision Com. Rep. (Dec. 1982) p. 519, italics added.) Thus, bonds may be procured "in connection with" an action or proceeding, whether these bonds are classic "litigation bonds," or are "nonlitigation bonds" such as the Release Bonds at issue here. The provisions of the Bond and Undertaking Law encompass both.

It is undisputed that JL procured the Release Bonds in this case from Golden Eagle in connection with this very litigation. Grade-Way filed suit to enforce mechanic's lien claims against real property and stop notice claims against construction loan funds, which were essentially its only security for payment on its claims against JL. Golden Eagle *subsequently* issued its Release Bonds, which then became the focus of the lawsuits. Grade-Way could no longer satisfy its claims by executing on the funds the construction lender held or by foreclosing on its mechanic's liens. It could only proceed against the Release Bonds, which mature if Grade-Way, the obligee, recovers on its claims in a legal action. Thus, the surety Release Bonds in this case were "given in an action or proceeding."[4]

Our conclusion is consistent with statutory history showing that the Legislature, in providing for mechanic's lien release bonds under former section 1193.2,[5] intended to establish a procedure similar to that available for attachment and appeal bonds. The Law Revision Commission that recommended enactment of this section stated: "It has been suggested that·an owner of property upon which there is a disputed mechanic's lien should be able to free the property from the lien without paying it by posting a bond sufficient to assure that the lienholder will be paid if the lien is adjudged valid. Such a procedure is available to free property from an attachment lien, and from a judgment lien when the case is on appeal but is not presently available in the case of mechanic's liens." (1 Cal. Law Revision Com. Rep. (Jan. 1955) p. 31, fns. omitted.) Thus, one of the Legislature's purposes in enacting former section 1193.2 was to "bring[] the mechanics' lien law into conformity with the laws governing attachment liens and judgment liens . . . ." (Comment, *The Release Bond Statutes: Achieving Balance in the Mechanics' Lien Laws* (1980) 28 UCLA L.Rev. 95, 116.) Application of

---

[4] We reject Golden Eagle's contention that bonds "given in an action or proceeding" must be filed with the court in which the action or proceeding is pending, and that neither mechanic's lien release bonds nor stop notice release bonds can be "given in an action or proceeding," since by statute neither is required to be filed with any court. The statute Golden Eagle cites states that "[i]f a bond is given in an action or proceeding: [¶] The bond shall be filed with the court *unless the statute providing for the bond requires that the bond be given to another person.*" (§ 995.340, subd. (a).) This provision expressly recognizes that some bonds "given in an action or proceeding" will *not* "be filed with the court . . . ." Both the mechanic's lien law and the stop notice law provide that such release bonds be given to specific persons or entities. Thus, they may fall within the statutory class of bonds "given in an action or proceeding" that are not filed with the court.

[5] Civil Code section 3143, which currently authorizes mechanic's lien release bonds, derives from former section 1193.2.

section 996.440 to the Release Bonds here at issue furthers this legislative intent.[6]

Appellant Golden Eagle insists that the language of the Bond and Undertaking Law conflicts with this conclusion. It emphasizes section 996.420, subdivision (a), which states: "A surety on a bond given in an action or proceeding submits itself to the jurisdiction of the court in all matters affecting its liability on the bond." We see no conflict. Where, as here, the surety issues release bonds *after* the filing of suit on the mechanic's liens and stop notices, all parties know where, when, and in what context and forum the surety must honor the terms of its bonds. Golden Eagle was clearly on notice of Grade-Way's actions. Under the circumstances, to construe Golden Eagle's issuance of the Release Bonds as a waiver of service of process does not deny it due process. In any case, Golden Eagle actually received service and became a party to this litigation.[7]

Nor do we agree with Golden Eagle that application of section 996.440 violated its constitutional right to a jury trial. ▆▆ ▬ ▬ Even if we assume that Golden Eagle had a right to a jury trial with respect to the Release Bonds,[8] it waived that right by becoming a surety on a bond given in an action or proceeding. ▆ Sureties who give an undertaking "assent[] to and adopt[] all the provisions of the law for the enforcement of the

---

[6]In *Acoustics, Inc.* v. *Trepte Constr. Co.* (1971) 14 Cal.App.3d 887, 916 [92 Cal.Rptr. 723], the court drew a similar parallel between stop notice release bonds and attachment bonds in holding that a stop notice release bond that is filed before the filing of the action on the stop notice is given "in connection with the action within the meaning of [former] section 1035 . . . ." The court reasoned that a party's filing of a stop notice has "the effect of setting aside the funds as additional security for the payment of its claim, if successful in its action, as effectively as though it had levied a writ of attachment against such funds after the commencement of its action. The filing of the bond . . . accomplished the release of such funds." (*Id.*, at pp. 915-916.) Contrary to Golden Eagle's assertion at oral argument, the court's holding that a stop notice release bond is given *in connection with* an action does not establish that it is not also given *in* an action, or even that there is a distinction between these terms; the court had no occasion to consider the latter question because the statute it was applying related only to bonds " 'procured . . . in connection with the action . . . .' " (*Id.*, at p. 914, fn. 2.) Indeed, in its opening brief on appeal, Golden Eagle used these terms interchangeably, arguing that "section 996.440's reference to bonds 'given in an action or proceeding' . . . refers clearly and unambiguously to 'litigation bonds,' i.e., to bonds necessarily *given in connection with* a pending civil action or proceeding."

[7]Because Golden Eagle received service, we need not decide whether section 996.420 requires service prior to initiation of the summary enforcement procedure under section 996.440. However, we note that a cautious litigant should serve the surety with process and amend the underlying lawsuit to make the surety a party, especially where the surety issues the release bond prior to the filing of an action to enforce the lien or stop notice.

[8]Generally, a mechanic's lien foreclosure action is an equitable proceeding in which there is no right to a jury trial, although there is a right to jury trial to the extent the claimant also seeks a personal judgment against the debtor. (*Curnow* v. *Blue Gravel etc. Co.* (1885) 68 Cal. 262, 264 [9 P. 149]; *Distefano* v. *Hall* (1963) 218 Cal.App.2d 657, 662, fn. 6 [32 Cal.Rptr.

obligation incurred by their undertaking, and waive[ ] any constitutional or statutory right in its enforcement to which they might have been otherwise entitled." (*Meredith* v. *S.C.M.A. of Baltimore* (1882) 60 Cal. 617, 619-620; see also *Pease* v. *Rathbun-Jones Eng. Co.* (1917) 243 U.S. 273, 278 [61 L.Ed. 715, 721, 37 S.Ct. 283] ["by becoming a surety the party submits himself 'to be governed by the fixed rules which regulate the practice of the court' "].) Here, by giving the Release Bonds, which we have held to be bonds given in an action or proceeding, Golden Eagle "must be considered as having consented to [the] summary proceeding" section 996.440 establishes and "is deemed to have waived [any] right to a jury trial" that it might otherwise have had. (*Russell* v. *Elliott* (1852) 2 Cal. 245, 247 [discussing summary procedure for recovery on injunction bonds].)

■ We conclude that the trial court did not err in applying the summary enforcement procedure of section 996.440 to the surety in this case, even though the bonds at issue were release bonds given in a construction contract context rather than litigation bonds ancillary to a court proceeding.[9] Under the Bond and Undertaking Law, mechanic's lien release bonds and stop notice release bonds issued after the filing of an action to enforce

---

770]; *Coghlan* v. *Quartararo* (1911) 15 Cal.App. 662, 666 [115 P. 664]; Marsh & Marsh, Cal. Mechanics' Lien Law and Construction Industry Practice (5th ed. 1990) § 4.123, p. 4-125; 8 Miller & Starr, Current Law of Cal. Real Estate (2d ed. 1990) § 26:53, p. 532.) An action on a stop notice also is an equitable proceeding. (*Weldon* v. *Superior Court* (1903) 138 Cal. 427, 429-431 [71 P. 502]; *Calhoun* v. *Huntington Park First Sav. & Loan Assn.* (1960) 186 Cal.App.2d 451, 459 [9 Cal.Rptr. 479].) In *Stel-Den of America* v. *Roof Structures, Inc.* (Fla.Dist.Ct.App. 1983) 438 So.2d 882, 885, the court held that "the transfer of the lien to bond does nothing to diminish the nature and characteristics of the lien foreclosure action. It continues to be a proceeding in equity." In *Genninger* v. *Frank A. Wahlig Co.* (1909 N.Y. City Ct.) 116 N.Y.S. 578, 580, and *Reilly* v. *Poerschke* (1897) 19 Misc. 612 [44 N.Y.S. 422, 425], the courts held that the remedy to enforce a surety's obligation on a mechanic's lien release bond is not "by an action at law upon the bond," but by an action "in equity . . . ."

[9]In reaching this conclusion, we reject Golden Eagle's assertion that the motion was premature because Grade-Way filed it before obtaining a final judgment "in the action on the release bond." This assertion depends on an obvious misreading of section 996.440, subdivision (b), which provides in part that "[t]he motion shall not be made until after entry of the final judgment in the action or proceeding in which the bond is given . . . ." Here, the actions in which the bonds were given were Grade-Way's actions to enforce the liens and stop notices, not its attempt to collect on the Release Bonds that Golden Eagle gave in those actions. (See *Satinover* v. *Dean* (1988) 202 Cal.App.3d 1298, 1301 [249 Cal.Rptr. 277]; 1 Debt Collection Practice in Cal. (Cont.Ed.Bar 1987) § 4.99, p. 349 [motion on attachment bond "may be made after the entry of final judgment in the action in which the issuance of the writ occurred"].)

the mechanic's lien or stop notice are "given in an action or proceeding" for purposes of section 996.440.[10]

## ADEQUACY OF SHOWING

■ Golden Eagle argues alternatively that, even if the section 996.440 summary procedure applies in this case, Grade-Way failed to make the necessary showing for summary enforcement of liability on the Release Bonds. We disagree.

The procedure section 996.440 establishes is different from the summary judgment procedure under section 437c. Under section 996.440, a court "shall" enter judgment against the principal and sureties *unless* they serve and file affidavits in opposition to the motion "showing such facts as may be deemed by the judge hearing the motion sufficient to present a triable issue of fact." Thus, unlike proceedings under section 437c, where the *moving party* must show that there are *no* material issues of fact, under section 996.440, the *defending surety* must show that there *are* triable issues of fact. (§ 996.440, subd. (d).)

Here, the court had already issued judgment against JL, the general contractor and principal on the bonds. The only remaining issue was Golden Eagle's liability on its bonds. Although Golden Eagle asserted affirmative defenses, it submitted no affidavits to establish there were *facts* to support those defenses. Thus, it failed to meet its burden of establishing the existence of triable factual issues regarding its obligations, and the trial court did not err in issuing judgment against it.

## AWARD OF COSTS

■ Finally, we grant Grade-Way's request for costs on appeal, including reasonable attorney fees and interest. Section 996.480, subdivision (a)(2), provides: "If the beneficiary makes a claim for payment on a bond given in an action or proceeding after the liability of the principal is so established and the surety fails to make payment, the surety is liable for costs incurred in obtaining a judgment against the surety, including a reasonable attorney's fee, and interest on the judgment from the date of the claim, notwithstanding Section 996.470." Although this section does not expressly state that the surety is liable for costs on appeal, we interpret "statutory attorney fee provisions . . . to apply to attorney fees on appeal unless the statute

---

[10]Under the facts presented, we need not decide if release bonds given *prior* to the filing of an enforcement action are "given in an action or proceeding."

specifically provides otherwise." (*Morcos* v. *Board of Retirement* (1990) 51 Cal.3d 924, 929 [275 Cal.Rptr. 187, 800 P.2d 543].) Here, the statute does not expressly provide otherwise. Nor does Golden Eagle even argue that it does not apply on appeal. Therefore, we grant Grade-Way's request.

The judgment is affirmed, and the trial court is directed to determine Grade-Way's costs on appeal, including a reasonable attorney fee and interest on the judgment, and to add such costs to the principal amount of the judgment.

White, P. J., and Merrill, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 27, 1993.