[No. B141537. Second Dist., Div. Three. June 7, 2001.]

NATIONAL TECHNICAL SYSTEMS, Plaintiff and Appellant, v.
COMMERCIAL CONTRACTORS, INC., Defendant;
UNITED PACIFIC INSURANCE COMPANY, Objector and Respondent.

**COUNSEL**

Maher & Maher, Cynthia R. Maher; and Robert I. Snyder for Plaintiff and Appellant.

Ramseyer & Kuhlman, David B. Kuhlman, Craig A. Ramseyer and Laura K. Gantney for Objector and Respondent.

**OPINION**

**KLEIN, P. J.**—Plaintiff and appellant National Technical Systems (plaintiff or the subcontractor) appeals a postjudgment order denying its motion to summarily enforce a judgment against United Pacific Insurance Company (the surety), the surety on a stop notice release bond.

The essential question presented is whether plaintiff is entitled to enforce a money judgment against the surety pursuant to the summary proceedings provided by the Bond and Undertaking Law (Code Civ. Proc., §§ 995.010 et seq., 996.440)[1] for recovery on the bond.

Summary enforcement may be had only if a bond is "given in an action or proceeding." (§ 996.440, subd. (a).) Here, the stop notice release bond was *not* given in an action or proceeding because the bond was issued prior to the filing of the lawsuit. Because the issuance of the bond preceded the filing of the lawsuit, the surety should have been joined as a party to the action. (§ 996.430, subd. (a).)

Because the instant bond was not "given in an action or proceeding" in that it preceded the filing of the action, the trial court properly rejected plaintiff's attempt to enforce the bond against the surety pursuant to the summary remedy under section 996.440. Therefore, the order is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

On April 9, 1996, Commercial Contractors, Inc. (the general contractor) entered into a written prime contract with the City of Long Beach (the city),

---

[1]All further statutory references are to the Code of Civil Procedure, unless otherwise indicated.

a public entity, to perform remediation and excavation work in the Port of Long Beach.[2] On April 16, 1996, the general contractor hired plaintiff as a subcontractor on the project.

The subcontractor claimed it was only partially paid for services rendered to the general contractor, and on March 21, 1997, the subcontractor filed a stop notice with the city in the amount of $343,905.

On April 8, 1997, the general contractor obtained a bond from the surety in the sum of $429,881 to release money withheld on the stop notice. On April 30, 1997, the surety notified the subcontractor by certified mail that the general contractor had filed a bond to release money withheld on the stop notice.

Although the subcontractor was aware of the surety's issuance of the bond, on May 17, 1997, the subcontractor filed the instant action against the general contractor (the *NTS v. CCI* action) (Super. Ct. L.A. County, 1997, No. NC021319), without naming the surety, seeking damages on the contract, enforcement of the stop notice, and recovery on the bond.

On or about January 31, 1999, on the eve of trial, the subcontractor moved for leave to file a second amended complaint to add the surety as a party and to add a new cause of action for recovery on the bond "so that it may avail itself of the summary proceeding provided by . . . section 996.440 . . . . [¶] Otherwise, [plaintiff] will be required to file a separate civil action against [the general contractor] and the Surety to recover on the Bond."

The general contractor opposed the motion to amend, arguing the surety had not participated in any manner during the course of the litigation, and that it would be unduly prejudicial to the surety to force it to defend itself on the eve of trial. ■■■■ The trial court denied leave to amend because trial was imminent and the surety had not been involved in any of the discovery or other trial preparation in the action.[3] The matter came on for a

---

[2]Neither the general contractor nor the city is a party to this appeal.

[3]We observe that had the trial court granted the subcontractor's motion for leave to amend and then granted a reasonable continuance to enable the surety to prepare for trial, this controversy and multiplicity of litigation could have been avoided. Moreover, section 389 "requires joinder of persons materially interested in an action whenever feasible." (Cal. Law Revision Com. com., 1971 Amend., 14 West's Ann. Code Civ. Proc. (1973 ed.) foll. § 389, p. 222.) In view of section 996.430's requirement that both the principal and surety be joined as parties to the action, as discussed *infra*, the surety herein should have been joined as a party.

jury trial, the amount due and owing from the general contractor to the subcontractor was litigated, and the trial court entered judgment in favor of the subcontractor. Neither party appealed.

On October 11, 1999, the subcontractor made demand upon the surety in a letter for payment of $466,552, representing the judgment, attorney fees, penalties and accrued interest.

The surety refused to pay. It advised the subcontractor by letter that it "was never served with the lawsuit or made a party to the lawsuit. The first notice of claim was [the subcontractor's] letter of October 11, 1999. The verdict does not mention either the stop notice, the [city] or [the surety]. [The subcontractor's] judgment is only against [the general contractor]. [¶] . . . [¶] While we do not require that you file an action to enforce your rights, [the surety] is not bound by the judgment . . . . There is no basis at this time to make payment to your client. If your client seeks to enforce its rights on the stop notice release bond, [the surety] will have the opportunity to assert all the relevant defenses on the claim. . . ."

On March 1, 2000, due to the surety's refusal, the subcontractor filed a separate action against the surety (*National Technical Systems v. United Pacific Insurance Co.* (Super. Ct. L.A. County, 2000, No. NC027374) (the *NTS v. UPIC* action) to recover on the stop notice release bond.

On March 14, 2000, notwithstanding the pendency of the second action, the subcontractor attempted to invoke the summary proceeding of section 996.440 by filing a motion in the instant action, the *NTS v. CCI* action, for summary enforcement of the judgment against the surety. The subcontractor asserted that having obtained a judgment against the general contractor, and the judgment having become final, the subcontractor was now entitled to enforce the judgment against the surety. The subcontractor further contended that a surety which fails to make payment after a claim is made for payment on a bond incurs its own liability for attorney fees and costs and postjudgment interest from the date of the claim.

On April 18, 2000, the trial court heard and denied the subcontractor's motion for summary enforcement of the judgment against the surety

However, "[e]ven if the court is mistaken in its decision to proceed in the absence of an interested person, it does not by that token deprive itself of the power to adjudicate as between the parties already before it through proper service of process. But the court can make a legally binding adjudication only between the parties actually joined in the action." (Advisory Com. Note, 14 West's Ann. Code Civ. Proc. (1973 ed.) foll. § 389, p. 223.)

"without prejudice, and it's based on the fact that the court feels that [the surety] has not been made a party to the action. Further, . . . there is another action pending where [the surety] is named as a party with the same recovery being requested."[4] The subcontractor filed a timely notice of appeal from the order denying its motion for summary enforcement of the judgment against the surety.[5]

## CONTENTIONS

██ The subcontractor contends: the Bond and Undertaking Law (§ 995.010 et seq.) allows for summary enforcement of the judgment against the surety; and because the surety has an absolute right to recover from the general contractor, the bond includes the award of attorney fees and penalties against the general contractor.

## DISCUSSION

1. *Overview of statutory scheme.*

██ A "stop notice" is a remedy to reach unexpended construction funds in the hands of the owner or lender, is available on both public and private works, and may be served by a claimant other than an original contractor. (Civ. Code, § 3181; *Department of Industrial Relations v. Fidelity Roof Co.* (1997) 60 Cal.App.4th 411, 419 [70 Cal.Rptr.2d 465].)

██ If the general contractor disputes a stop notice claim, the public entity may permit the general contractor to post a stop notice release bond. (Civ. Code, § 3196.) After the bond is posted, the remedies of the claimant rest solely on the bond and the public entity may not withhold money due the general contractor on account of the stop notice. (Civ. Code, § 3196; *Winick Corp. v. County Sanitation Dist. No. 2* (1986) 185 Cal.App.3d 1170, 1178 [230 Cal.Rptr. 289].)

██ The Bond and Undertaking Law (§ 995.010 et seq.) applies to stop notice release bonds. (*Grade-Way Construction Co. v. Golden Eagle Ins. Co.*

---

[4]According to the surety, following the denial of the subcontractor's summary enforcement motion in the *NTS v. CCI* action, the subcontractor filed a similar summary enforcement motion in the *NTS v. UPIC* action, which motion likewise was denied.

[5]The order is appealable as an order after final judgment. (§ 904.1, subd. (a)(2).)

(1993) 13 Cal.App.4th 826, 831 [16 Cal.Rptr.2d 649].) Liability on a bond may be enforced in a single civil action by the subcontractor in which both the principal and sureties are joined as parties to the action. (§ 996.430, subd. (a).)

In the alternative, if a stop notice release bond *"is given in an action or proceeding*, the liability on the bond may be enforced on motion made in the court without the necessity of an independent action." (§ 996.440, subd. (a), italics added.) Such motion shall not be made until after the finality of the judgment in the action or proceeding in which the bond is given. (§ 996.440, subd. (b).)

> 2. *The subcontractor cannot pursue summary enforcement under section 996.440 because the instant bond, which was given before the filing of the NTS v. CCI action, was not "given in an action or proceeding."*

■ The procedure for summary enforcement by way of a postjudgment motion is available only "[i]f a bond is given in an action or proceeding." (§ 996.440, subd. (a).) Therefore, the pivotal issue is whether the subject bond was given in an action or proceeding. Here, the bond was given on April 8, 1997, 39 days *before* the subcontractor filed its action against the general contractor.

Although the Bond and Undertaking Law repeatedly uses the phrase "given in an action or proceeding" (see, e.g., §§ 995.050, 995.140, 995.230, 995.330, 995.340, 995.360, 995.840, 995.910, 996.010, 996.110, 996.420, 996.430, 996.440), the statutory scheme fails to define that term, either in article 1 thereof (§ 995.010 et seq.), which sets forth various definitions, or elsewhere. (*Grade-Way Construction Co. v. Golden Eagle Ins. Co.*, *supra*, 13 Cal.App.4th at p. 832; *Walt Rankin & Associates, Inc. v. City of Murrieta* (2000) 84 Cal.App.4th 605, 618 [101 Cal.Rptr.2d 48].) Therefore, we look to the customary rules of statutory interpretation, as well as case law, for guidance.

> a. *Principles of statutory construction.*

■ "The touchstone of statutory interpretation is the probable intent of the Legislature. When interpreting a statute, we must ascertain legislative intent so as to effectuate the purpose of a particular law. Of course our first step in determining that intent is to scrutinize the actual words of the statute, giving them a plain and commonsense meaning. (*California Teachers Assn.*

v. *Governing Bd. of Rialto Unified School Dist.* (1997) 14 Cal.4th 627, 632-633 [59 Cal.Rptr.2d 671, 927 P.2d 1175].) When the words are clear and unambiguous, there is no need for statutory construction or resort to other indicia of legislative intent, such as legislative history. (*California Fed. Savings & Loan Assn.* v. *City of Los Angeles* (1995) 11 Cal.4th 342, 349 [45 Cal.Rptr.2d 279, 902 P.2d 297].) But language that appears unambiguous on its face may be shown to have a latent ambiguity; if so, a court may turn to customary rules of statutory construction or legislative history for guidance. (*Stanton* v. *Panish* (1980) 28 Cal.3d 107, 115 [167 Cal.Rptr. 584, 615 P.2d 1372].) [¶] . . . Statutory language which seems clear when considered in isolation may in fact be ambiguous or uncertain when considered in context. (See *Stockton Sav. & Loan Bank* v. *Massanet* (1941) 18 Cal.2d 200, 207 [114 P.2d 592].)" (*Quarterman* v. *Kefauver* (1997) 55 Cal.App.4th 1366, 1371 [64 Cal.Rptr.2d 741].)

    b.   *Bond given after judgment but before ruling on motion to vacate default is "given in an action or proceeding."*

In *Mark Briggs & Associates, Inc.* v. *Kinestar, Inc.* (1983) 143 Cal.App.3d 483, 486 [192 Cal.Rptr. 21], it was claimed "the bond was not given 'in any action or proceeding' " as required by former section 1058a (the predecessor to § 996.440) because at the time the bond was filed, the plaintiff had already obtained a judgment and the court had not yet ruled on the defendants' motion to set aside the default, so that there was no action pending on the date the bond was filed.

In defining the phrase "given 'in any action or proceeding,' " *Briggs* resorted to the basic statutory definition of an "action," observing: "Code of Civil Procedure section 22 defines an 'action' as 'an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, . . .' . . . It has similarly been called 'the judicial means or procedure of enforcing a right.' [Citation.]" (*Mark Briggs & Associates, Inc.* v. *Kinestar, Inc., supra,* 143 Cal.App.3d at p. 486, italics omitted.) *Briggs* concluded the bond "was given in an 'action or proceeding' to enforce plaintiff's right." (*Ibid.*) It reasoned the bond "was recorded for the purpose of preventing enforcement of plaintiff's judgment against the property defendants had conveyed. . . . As the purpose of the bond was to postpone enforcement of plaintiff's judicially declared right, *the action or proceeding to enforce that right was still pending.* That the bond

was filed in the county recorder's office and not the superior court is neither controlling nor relevant." (*Ibid.*, italics added.)

c. *Stop notice release bond given after commencement of action is "given in an action or proceeding."*

*Grade-Way* dealt with whether a stop notice release bond issued *after* the filing of an action to enforce a stop notice was "given in an action or proceeding" for purposes of section 996.440. (*Grade-Way Construction Co. v. Golden Eagle Ins. Co., supra,* 13 Cal.App.4th at pp. 836-837.) *Grade-Way* observed, "a stop notice 'cease[s] to be effective' if the claimant fails to bring an action against the owner or construction lender within 90 days 'following the expiration of the period within which claims of lien must be recorded . . . .' (Civ. Code, § 3172.) By virtue of these statutory provisions and the broad definitions of 'action' and 'proceeding,' *any . . . stop notice release bond necessarily is 'given in an action or proceeding.'*" (*Grade-Way Construction Co., supra,* 13 Cal.App.4th at p. 833, italics added.)

Despite that broad language, *Grade-Way* narrowly held that stop notice release bonds issued *after* the filing of an action to enforce a stop notice are "given in an action or proceeding" for purposes of section 996.440. (*Grade-Way Construction Co. v. Golden Eagle Ins. Co., supra,* 13 Cal.App.4th at pp. 836-837.) *Grade-Way* emphasized "[u]nder the facts presented, we need not decide if release bonds given *prior* to the filing of an enforcement action are 'given in an action or proceeding.'" (*Id.* at p. 837, fn. 10.)

d. *Stop notice release bond given before action is commenced is not "given in an action or proceeding."*

Here, because the issuance of the stop notice release bond preceded the filing of the action, we have before us the fact situation not present in *Grade-Way.* We conclude a stop notice release bond which is given prior to the commencement of litigation is *not* "given in an action or proceeding." This interpretation is guided, in part, by the plain meaning of the phrase "given in an action or proceeding." (§ 996.440, subd. (a).) It logically follows that if no action has been commenced at the time the bond is given, the bond is not "given in an action or proceeding" and therefore the

summary enforcement procedure of section 996.440 would be inapplicable.[6]

This conclusion is also informed by the language of section 996.430, subdivision (a), which states: "The liability on a bond may be enforced by civil action. *Both the principal and the sureties shall be joined as parties to the action.*" (Italics added.) Thus, where the issuance of the bond precedes the filing of the lawsuit so that the bond was not "given in an action or proceeding," the surety has an absolute statutory right to be joined as a party to the action pursuant to section 996.430.

In contrast, where the bond is issued after the lawsuit is filed, the surety is on notice of the pendency of the action so that the plaintiff may enforce the liability on the bond by way of a postjudgment motion under section 996.440, without first having joined the surety as a party to the action. The rationale for this distinction is that a surety on a bond "given in an action or proceeding submits itself to the jurisdiction of the court" in all matters affecting its liability on the bond. (§ 996.420, subd. (a); *Grade-Way Construction Co. v. Golden Eagle Ins. Co., supra*, 13 Cal.App.4th at p. 835.) As stated in *Grade-Way, supra*, 13 Cal.App.4th at page 835, "[w]here . . . the surety issues release bonds *after* the filing of suit on the . . . stop notices, all parties know where, when, and in what context and forum the surety must honor the terms of its bonds. [The surety] was clearly on notice of [the claimant's] actions. Under the circumstances, to construe [the surety's] issuance of the Release Bonds as a waiver of service of process does not deny it due process."

The reason for distinguishing between a bond given *before* an action is commenced and a bond given *afterwards* pertains to the surety's right to notice. Where the stop notice release bond is issued *after* the filing of the lawsuit, i.e., is "given in an action or proceeding," the surety is deemed to have notice of the action. At that juncture, the surety may move to intervene in the action (§ 387), or it may simply elect to await the final judgment in the action and the plaintiff's enforcement of the liability on the bond through the summary procedure of section 996.440. That decision is left to the surety. However, where the stop notice release bond is issued *before* the lawsuit is filed, the bond is *not* "given in an action or proceeding," and consequently the plaintiff is required to join both the principal and surety pursuant to section 996.430, thereby giving the surety notice of the action so as to enable the surety to protect its rights.

[6]We have found nothing in the legislative history pertaining to this discrete point.

Here, the subcontractor filed its stop notice with the city on March 21, 1997, the stop notice release bond was given on April 8, 1997, and the action was filed on May 17, 1997. Accordingly, the bond was not "given in an action or proceeding." Therefore, the subcontractor cannot summarily enforce the liability on the bond pursuant to section 996.440.[7]

### 3. *Remaining issues not reached.*

Because the subcontractor has yet to establish the surety's liability on the bond, it is unnecessary to address the subcontractor's contention concerning the amount it is entitled to recover from the surety, or any other issues.

### CONCLUSION

Because the issuance of the bond preceded the filing of the lawsuit, the bond was not "given in an action or proceeding," and hence, the summary enforcement procedure of section 996.440 is inapplicable. Instead, because the bond preceded the lawsuit, the surety had a right to be joined as a party and to defend the action. (§ 996.430.) Because the surety was not a party to the action, the subcontractor cannot summarily enforce the judgment against the surety. The subcontractor, if it chooses, will have to litigate the liability on the bond as against the surety.[8,9]

---

[7]The subcontractor's reliance on *Acoustics, Inc. v. Trepte Constr. Co.* (1971) 14 Cal.App.3d 887 [92 Cal.Rptr. 723] is misplaced. There, as here, the filing of the bond preceeded the filing of the action. (*Id.* at p. 915.) However, the issue presented in *Acoustics* was whether the bond was "obtained '*in connection with* the action' " (*id.* at p. 916, italics added), which language is much broader than the phrase "given in an action or proceeding." (§ 996.440, subd. (a).) The court concluded "the filing of the stop notice, and the filing of the release bond followed by the filing of the action *are so related that it can be said that the release bond was obtained in connection with the action* within the meaning of [former] section 1035, Code of Civil Procedure, and, therefore, the premiums paid on such bond . . . may be allowed as costs . . . ." (*Acoustics, Inc., supra,* at p. 916, italics added.)

[8]The subcontractor has acknowledged the weakness of its position in attempting to enforce the judgment against the surety, a nonparty, by means of section 996.440. In belatedly seeking leave to amend to add the surety as a party, the subcontractor argued that if leave to amend were denied, "[plaintiff] will be required to file a separate civil action against [the general contractor] and the Surety to recover on the Bond." Also, the subcontractor's initiation of the *NTS v. UPIC* action is a tacit admission that section 996.440 is not a proper vehicle for obtaining a judgment against the surety.

[9]If our interpretation of the statutory scheme is not what the Legislature intended, the enactment could use clarification. (See *International Longshoremen's & Warehousemen's Union v. Los Angeles Export Terminal, Inc.* (1999) 69 Cal.App.4th 287, 304, fn. 6 [81 Cal.Rptr.2d 456], and cases cited therein.)

### DISPOSITION

The order denying the subcontractor's motion for summary enforcement of the judgment is affirmed. The surety is to recover costs on appeal.

Croskey, J., and Aldrich, J., concurred.

A petition for a rehearing was denied June 27, 2001, and the opinion was modified to read as printed above.